## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Fuentes-Fernandez & Company, PSC;<br>Joseph Fuentes CPA<br><br>    Plaintiffs<br><br>    V.<br><br>Caballero & Castellanos, PL, *4649 Ponce de Leon, Blvd.*<br>*Suite 404, Coral Gables, FL 33146*; ABC Insurance Co.;<br>Mr. Orlando Rodríguez, *HC-01 Box 6835, Aibonito, PR*<br>*00705*; Mr. Jonathan Cruz, *6060 Tower Court, Apt. 504,*<br>*Alexandria, Virginia 22304*; and Juan Rivera, *624 S. Ridge*<br>*Street, Lakeworth, Florida 33460.*<br><br>    Defendants | Civil Action No.<br>1:07-cv-00846 RJL |

## MOTION TO DISMISS
### FOR LACK OF JURISDICTCION OVER THE SUBJECT MATTER
### FOR LACK OF JURISDICTION OVER THE PERSON,
### FOR IMPROPER VENUE, AND
### FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Now, through undersigned counsel, come named defendants who pursuant to Rule 12(b) of the Federal Rules of Civil Procedure respectfully move this honorable court to dismiss the complaint filed on behalf of Fuentes-Fernandez & Company, PSC and Joseph Fuentes CPA---hereinafter referred to as "plaintiffs"---for lack of this court's subject matter jurisdiction since there exists no diversity of citizenship between all plaintiffs and all defendants; for lack of this court's personal jurisdiction over defendants since defendants have not transacted any business in the District of Columbia; and, for improper venue since all acts or omissions alleged by plaintiffs' complaint occurred in

New Orleans, Louisiana as is more fully set forth in the accompanying memorandum in support of this motion.

Wherefore, named defendants pray that this Honorable Court grant their motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction, for lack of personal jurisdiction, and for improver venue.

Respectfully submitted,

Gerald Antonio Rovelo
District of Columbia Bar No. 471798
915 Brockenbraugh Court
Metairie, Louisiana 70005-1603
Tel.: 504-754-2379
Fax: 504-754-2440
Email: garovelo@cox.net
Attorney for:   Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing motion to dismiss has been served upon Plaintiff's counsel of record by faxing same to fax number 787-641-8450 and depositing same in the U.S. mail, postage pre-paid, this 31st day of May, 2007.

GERALD ANTONIO ROVELO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Fuentes-Fernandez & Company, PSC;
Joseph Fuentes CPA

    Plaintiffs

    V.

Caballero & Castellanos, PL; ABC
Insurance Co.; Mr. Orlando
Rodríguez; Mr. Jonathan Cruz; and
Juan Rivera

    Defendants

Civil Action No.:
    1:07-cv-00846 RJL

---

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER FOR LACK OF JURISDICTION OVER THE PERSON, AND FOR IMPROPER VENUE

MAY IT PLEASE THE COURT:

Now into court come named defendants who submit the following memorandum in support of their motion to dismiss for lack of subject matter jurisdiction, for lack of personal jurisdiction, and for improper venue.

### FACTS

On or about June 18th, 2006, Caballero and Castellanos, PL---hereinafter referred to as "CC"---via email contacted Joseph Fuentes of Fuentes-Fernandez & Company---hereinafter referred to as "FFC"---seeking accountants to place in New Orleans, Louisiana as part of a financial recovery support services contract CC had entered into with the Department of Housing and Urban Development (HUD). CC never visited with

FFC in the District of Columbia nor in the State of Florida. All communication regarding their contractual relationship was done mostly via email.

Pursuant to these discussions, FFC sent CC the resumes of individuals who would be potential candidates for the accountant positions in New Orleans. In these resumes were those belonging to Mr. Orlando Rodriguez and Mr. Juan Rivera. In July, a month later, FFC forwarded Mr. Jonathan Cruz's resume. FFC had had discussions with Mr. Rodriguez and Mr. Rivera regarding accountant services in New Orleans and had discussed with Mr. Rodriguez and Mr. Rivera the above mentioned job opportunity, in particular Mr. Fuentes informed them of salary, job requirements, location, and start date. Again, FFC used only email and telephone calls as the means of communication with Mr. Rodriguez and Mr. Rivera. Throughout these initial long distance telephonic conversations and/or emails, Mr. Rodriguez was physically present in Puerto Rico and Mr. Rivera in Florida. Mr. Cruz visited FFC's offices once in the District of Columbia, yet had not entered into an agreement for employment until FFC had contacted him a month later regarding the opportunity in New Orleans. Thus, on or about June 23rd, 2006, via long distance telephone calls, FFC had reached an agreement with Mr. Rodriguez and Mr. Rivera regarding employment and with Mr. Cruz a month later. These agreements were later memorialized in August, 2006 by a standard subcontractor agreement signed by Mr. Rodriguez, Mr. Rivera, and Mr. Cruz---hereinafter referred to as the "defendant-accountants"---in New Orleans and faxed to FFC in the District of Columbia.

As part of the initial agreement, Mr. Fuentes provided air travel and sent confirmation of the airplane tickets via email to all defendant-accountants. Upon arriving

in New Orleans, defendant-accountants met with representatives of CC and began work at the Housing Authority of New Orleans. During their whole stay in New Orleans, defendant-accountants began to encounter all sorts of problems with their accommodations and with their pay---responsibilities of FFC as per the agreed contract. Mr. Fuentes had not made any hotel reservations for them when they first arrived in New Orleans nor did he inform them of this problem. In the ensuing weeks and months, FFC did not pay their salary as per the subcontractor agreement. When contacting FFC regarding these housing and pay issues, the defendant-accountants' only means of communicating with FFC would be by calling Mr. Fuentes at his Virginia cellular phone number or by sending him an email. In July, 2006, Mr. Fuentes made a trip to New Orleans and met with defendant-accountants to discuss pay and housing issues. In October, 2007 at the behest of FFC, defendant-accountants moved into apartments in the city of Kenner, a suburb of New Orleans. Throughout this whole contractual relationship, defendant-accountants made their only trip to Washington, D.C. in January, 2007 to discuss with Mr. Fuentes the termination of the contract between CC and FFC. Mr. Fuentes asked defendant-accountants to remain with FFC.

In March, 2007, defendant-accountants sent FFC a demand letter for salary and bonuses owed. FFC responded by instituting this lawsuit.

## Law and Argument

### I. This Court Lacks Subject Matter Jurisdiction

Plaintiffs filed the present lawsuit alleging various claims, all which stem from the aforementioned contractual relationship they entered into with the named defendants for services to be performed completely in New Orleans, Louisiana. They allege that the

basis for this court's subject matter jurisdiction is based on diversity of citizenship between all parties.    Particularly, plaintiffs erroneously allege that Mr. Orlando Rodriguez, Mr. Jonathan Cruz, and Mr. Juan Rivera are all residents of the State of Louisiana.    However, as the attached affidavits clearly establish, none of these defendants are residents of the State of Louisiana nor have any of them taken steps to become citizens of the State of Louisiana.    On the contrary, all defendant-accountant have maintained their citizenships of the state or commonwealth where they resided prior to going to New Orleans, Louisiana to work.    Mr. Rodriguez is a resident of the commonwealth of Puerto Rico; Mr. Cruz is a resident of the commonwealth of Virginia; and, Mr. Rivera is a resident of the State of Florida.

A federal district court has subject-matter jurisdiction over a suit when the amount in controversy exceeds $75,000 and the parties are diverse in citizenship.[1]    Diversity must be complete; *no plaintiff may be a citizen of the same jurisdiction as any defendant*.[2] Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction."[3]    On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction.[4]

Mr. Rodriguez, Mr. Rivera, and Mr. Cruz have never had the intention of making Louisiana their state of residency.    They have lived at their present address in Louisiana for approximately seven months and only moved to the apartment where they live after Mr. Fuentes of FFC required them to do so.    FFC did not want to continue paying for the

---

[1] 28 U.S.C. § 1332(a)

[2] *Shulman v. Voyou, LLC*, 305 F.Supp.2nd 36 (D. D.C. 1/19/2004) *citing Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).  Emphasis added.

[3] *Id. citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[4] *Id.*

cost of them living in a hotel. They all still maintain the same bank accounts they had in Puerto Rico and Virginia before traveling to New Orleans, Louisiana. They all vote in their respective state or commonwealth. None of them pay Louisiana state income taxes, but instead pay or have paid their 2006 taxes to their respective state or commonwealth of residency. They have not subscribed to telephone service in the local New Orleans area. They maintain their cellular phone with area code from either Puerto Rico or Virginia. They all continue to maintain their old addresses or P.O. Boxes for mail and correspondence. Mr. Rodriguez receives all his credit card bills and bank account statements at his Puerto Rico P.O. Box. Mr. Cruz continues to receive all his mail at his Virginia address and continues to pay rent on his apartment in Virginia. In Fact, as section 14 of the subcontractor agreement shows, all notices permitted or required under the agreement shall be delivered at the addresses each accountant had before traveling to New Orleans. These addresses are still the same addresses each accountant continues to maintain.

## II. This Court Lacks In Personam Jurisdiction

To determine whether this court is able to exercise personal jurisdiction over defendants, the court must engage in a two-part inquiry. First, the court must examine whether jurisdiction is permitted under the District of Columbia's long-arm statute.[5] Second, if the long arm statute provides a basis for exercising jurisdiction, the court must then determine whether exercising jurisdiction over the defendant would offend due process.[6] If the court finds no statutory basis for the exercise of jurisdiction under D.C.'s long arm statute, then the court does not need to conduct a due process analysis.

---

[5] *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).
[6] *Id.*

*Statutory Basis Unfounded*

Plaintiffs fail to mention in their complaint the statutory basis for this court's exercise of in personam jurisdiction.  The complaint only states plaintiffs' reasons for establishing this court's subject matter jurisdiction and venue.  Defendants aver that this court's general jurisdiction is lacking because none of them are citizens of the District of Columbia nor can plaintiffs allege any specific facts that would show that defendants have had the continuous and systematic contacts with the District that would support an exercise of general jurisdiction.  Plaintiffs' complaint wishes to establish in personam jurisdiction from a few emails and from contracts signed outside of the District of Columbia.  Thus, the only basis defendants can surmise for in personam jurisdiction must be under specific jurisdiction pursuant to the "transacting business" clause of the D.C. Code § 13-423.  Section 13-423 states in pertinent part:

> (a)    A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's.

> (1) transacting any business in the District of Columbia;

**********

> (b)   When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

Nothing in plaintiffs' complaint alleges that either CC or any of the accountants have transacted any business in the District of Columbia.  On the contrary, plaintiffs' allegations clearly show that all communication between them and defendants were via email.  Performance of the contract that existed between plaintiffs and defendants occurred in New Orleans, Louisiana.  Other than their trip in January, 2007 to meet with

Mr. Fuentes to be informed that CC and FFC would no longer maintain a contractual relationship, Mr. Rodriguez and Mr. Rivera have had no physical presence in the District of Columbia. Only Mr. Cruz met with Mr. Fuentes in FFC's District of Columbia's office once before being hired to work in New Orleans and nothing became of that meeting. All Negotiations with the accountants took place via email. FFC sent all resumes of potential accountants to CC by email. All complaints and/or demands made to Mr. Fuentes by either CC or any of the accountants were done mostly via email or through the demand letters through regular mail.

The plaintiffs bear the burden of proof of establishing personal jurisdiction.[7] The plaintiffs must make a prima facie showing of personal jurisdiction by alleging specific facts that demonstrate purposeful activity by the defendant in the District of Columbia invoking the benefits and protections of its laws.[8]  When personal jurisdiction is challenged, the plaintiff "cannot rest on bare allegations or conclusory statements and must allege specific facts connecting each defendant with the forum."[9]  Nor can plaintiffs' aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant.[10]

Assuming *arguendo* that this court construes plaintiffs' complaint as alleging that defendants transacted business in the District of Columbia, to meet the requirements of personal jurisdiction plaintiffs must then prove that the claim arose from the business transacted *in D.C.*[11]  Moreover, the "transacting any business" within the meaning of §

---

[7] *Jacobsen v. Oliver*, 201 F. Supp.2d 93, 104 (D.D.C. 2002); *Dooley v. United Techs. Corp.*, 786 F. Supp. 65, 70 (D.D.C. 1992); *Lott v. Burning Tree Club, Inc.*, 516 F. Supp. 913, 918 (D.D.C. 1980).
[8] *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988); *Jacobsen*, 201 F. Supp.2d at 104; *Novak-Canzeri v. Saud*, 864 F. Supp. 203, 205 (D.D.C. 1994)
[9] *GTE New Media Servs., Inc., supra*, 21 F. Supp.2d at 36.
[10]*Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980).
[11] *Brunson v. Kalil & Co.*, 404 F.Supp. 2nd 221, 227 (D. D.C., 2005).

13-423(a)(1) "embraces those contractual activities of a nonresident defendant which cause a consequence in the District."[12]

The contracts that form the basis of plaintiffs' lawsuit are contracts that were intended to be performed and in fact were performed in New Orleans. Plaintiffs' causes of action allege breaches of these contracts, tortuous intentional interference with these contracts, and emotional distress. Plaintiffs' claims all arise out of alleged breaches and consequences resulting from these alleged breaches. None of these claims arise out of the initial discussions that took place in the emails between plaintiffs and defendants. These causes of action arise from alleged actions that took place in New Orleans, Louisiana after the contracts had been signed in New Orleans, Louisiana and after performance had occurred in New Orleans, Louisiana. Plaintiffs allege that defendants contractually ambush them by terminating their respective contracts; however, assuming that this allegation is true, this act would of necessarily occurred in New Orleans, Louisiana not in the District of Columbia.

### Due Process

In order for a court to satisfy due process when exercising in personam jurisdiction, a nonresident corporate defendant must have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.[13] Under specific jurisdiction, these minimum contacts must be grounded in "some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and

---

[12] *Id. citing overseas Partners, Inc. v. PROGEN Musavirlik ve Yonetim Hizmetleri, Ltd. Sikerti*, 15 F.Supp.2d 47, 51 (D.D.C.1998).

[13] *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C. Cir. 2002) *quoting Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

privileges of its laws."[14]   In short, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there."[15]   If minimum contacts are established then the court must determine whether maintenance of the suit does not offend traditional notions of fair play and substantial justice.  In determining whether the notions of fair play and substantial justice would be furthered by a finding of personal jurisdiction, this Court must consider the burden to defendants in defending the suit in this jurisdiction; this jurisdictions interest in adjudicating the dispute; Plaintiff's "interest in obtaining convenient and effective relief; ... the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."[16]

Nothing in plaintiffs complaint can be said to even suggest that defendants have purposefully availed themselves of conducting activities with the District of Columbia. It is a stretch of the imagination to think that defendants were purposefully availing themselves of the protections of the District of Columbia's laws when communicating with plaintiffs via emails.  All performance of the contracts was to be done in New Orleans.  There was never any intention on any party to have performance in D.C.  The burden on defendants to defend this lawsuit in D.C. is tremendous.  Particularly for the individual accountants who only make a decent salary.  They would have to incur costs involved with travel to D.C. and hotels in D.C.  Louisiana has a larger interest in adjudicating this matter than would D.C.  Since hurricane Katrina's devastation of New

---

[14] *Asahi Metal Indus. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1988).
[15] *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000) *quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).
[16] *World-Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564.

Orleans, there have been numerous problems with contractors and performance of agreements in the area. Louisiana courts have a large interest in enforcing salary payments owed to out of state residents performing work in New Orleans like defendant-accountants. Plaintiffs interest in obtaining relief can easily be done in Louisiana. Particularly since most witnesses and alleged acts were done in New Orleans.

### III. District of Columbia is the Improper Venue

Under section 1391(a)(2) of the general-venue statute, a plaintiff may bring a diversity action in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."[17] Only locations hosting a "substantial part" of the events that "directly" give rise to a claim are relevant.[18] Moreover, because the general-venue statute protects the defendant, courts often focus on the relevant activities of the defendant, rather than the plaintiff, in determining where a substantial part of the underlying events occurred.[19]

As stated, plaintiffs allegations of breach of contract stem from events that took place in New Orleans. If this court focuses on the relevant activities of defendants, this court can only conclude that venue is proper in New Orleans, Louisiana. All performance of the contract by the defendant-accountants was intended to and took place in New Orleans. The signing of the subcontractor agreements were done in New Orleans. The letter of intent made reference to in plaintiffs' complaint was submitted in New Orleans to HUD via the Housing Authority of New Orleans. Plaintiffs' complaint is ambiguous as to how CC failed to make payments; nevertheless, any reasons for these allegations could have only stemmed from events that took place in New Orleans.

---

[17] 28 U.S.C. § 1391(a)(2); *Buchanan v. Manley*, 145 F.3d 386, 389 (D.C.Cir. 1998).
[18] *Abramoff v. Shake Consulting, L.L.C.*, 288 F.Supp. 2nd 1, 4 (D. D.C. 2003).
[19] *Id.*

Of course, this court has the power to transfer this case to New Orleans, notwithstanding its lack of personal jurisdiction. Defendants submit that the only proper venue pursuant to this action is in New Orleans, Louisiana.

Respectfully submitted,

Gerald Antonio Rovelo
District of Columbia Bar No. 471798
915 Brockenbraugh Court
Metairie, Louisiana 70005-1603
Tel.: 504-754-2379
Fax: 504-754-2440
Email: garovelo@cox.net
Attorney for:   Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing motion to dismiss has been served upon Plaintiff's counsel of record by faxing same to fax number 787-641-8450 and depositing same in the U.S. mail, postage pre-paid, this 31st day of May, 2007.

GERALD ANTONIO ROVELO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Fuentes-Fernandez & Company, PSC;<br>Joseph Fuentes CPA<br><br>   Plaintiffs<br><br>   V.<br><br>Caballero & Castellanos, PL; ABC<br>Insurance Co.; Mr. Orlando<br>Rodríguez; Mr. Jonathan Cruz; and<br>Juan Rivera<br><br>   Defendants | Case No: 1:07-cv-00846  RJL |

**STATE OF LOUISIANA**
**PARISH OF ORLEANS**

### SWORN AFFIDAVIT

BE IT KNOWN, that on the date indicated herein below, before me, Notary Public, personally came and appeared **Juan Rivera**, a person of the full age of majority, with date of birth of February 25th, 1983, who after being sworn did depose and say that:

1.  He is a citizen of the State of Florida, with Florida driver license, with primary residence at 624 S. Ridge St., Lakeworth, Florida, 33460; with his primary bank account in Florida; with no other telephone service other than a cellular phone with area code of Puerto Rico; with the State of Florida as his state of citizenship in his income tax;

2.  He has never had nor does he have any intention of becoming a Louisiana citizen, having traveled to Louisiana as a result of the devastation of hurricane Katrina as an accountant only temporarily to provide services in the state of Louisiana, and at the behest of Fuentes-Fernandez & Company, presently residing since October, 2006 at 3616 Loyola Drive, 271S, City of Kenner, in the State of Louisiana, 70065;

3.  He has never been licensed, is not licensed to do or does any business in the District of Columbia nor has he ever rendered any services in the District of Columbia or transacted any business in the District of Columbia, contracted to supply services or things in the District of Columbia, or appointed any agent for

service of process in the District of Columbia.

4.    He has never nor does he regularly solicit business, engages in any other persistent course of conduct, or derives any revenue from goods used or consumed in the District of Columbia.

5.    He does not own or have an interest nor has he ever owned or had an interest in any real property, real estate, or real rights in the District of Columbia.

6.    He does not maintain any offices or employees who work within the District of Columbia or have any continuous or systematic contacts with the District of Columbia.

7.    He has never nor does he presently advertise his services in the District of Columbia.

8.    He has never contracted to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia.

9.    That the above is true and correct to the best of affiant's information, knowledge, and belief.


_____
JUAN RIVERA


SWORN AND SUBSCRIBED TO
BEFORE ME, NOTARY PUBLIC,
FOR THE PARISH OF _Jefferson_____,
STATE OF LOUISIANA,
THIS _25___ day of _May_____, 2007.

_____
Notary Public  Gerald A. Rovelo  (LA Bar No. 26718)
My Commission expires _is for life_____.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Fuentes-Fernandez & Company, PSC; Joseph Fuentes CPA | Case No: 1:07-cv-00846  RJL |
|    Plaintiffs | |
|    V. | |
| Caballero & Castellanos, PL; ABC Insurance Co.; Mr. Orlando Rodríguez; Mr. Jonathan Cruz; and Juan Rivera | |
|    Defendants | |

**STATE OF LOUISIANA**                    **PARISH OF ORLEANS**

### SWORN AFFIDAVIT

BE IT KNOWN, that on the date indicated herein below, before me, Notary Public, personally came and appeared **Jonathan Cruz**, a person of the full age of majority, with date of birth of December 26th, 1981, who after being sworn did depose and say that:

1.      He is a citizen of the commonwealth of Virginia, with voting registration card in Virginia, with primary residence at 6060 Tower Court, Apartment 504, Alexandria, Virginia, 22304; with two bank accounts in Virginia; with no other telephone service other than a cellular phone with area code of Virginia; with continuous travel back and forth to Virginia from Louisiana; and with the commonwealth of Virginia as his state of citizenship in his income tax;

2.      He has never had nor does he have any intention of becoming a Louisiana citizen, having traveled to Louisiana as a result of the devastation of hurricane Katrina as an accountant only temporarily to provide services in the state of Louisiana, and at the behest of Fuentes-Fernandez & Company, presently residing since October, 2006 at 3734 Loyola Drive, 359N, City of Kenner, in the State of Louisiana, 70065;

3.      He has never been licensed, is not licensed to do or does any business in the District of Columbia nor has he ever rendered any services in the District of Columbia or transacted any business in the District of Columbia, contracted to supply services or things in the District of Columbia, or appointed any agent for

service of process in the District of Columbia.

4.     He has never nor does he regularly solicit business, engages in any other persistent course of conduct, or derives any revenue from goods used or consumed in the District of Columbia.

5.     He does not own or have an interest nor has he ever owned or had an interest in any real property, real estate, or real rights in the District of Columbia.

6.     He does not maintain any offices or employees who work within the District of Columbia or have any continuous or systematic contacts with the District of Columbia.

7.     He has never nor does he presently advertise his services in the District of Columbia.

8.     He has never contracted to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia.

9.     That the above is true and correct to the best of affiant's information, knowledge, and belief.

_____

JONATHAN CRUZ


SWORN AND SUBSCRIBED TO
BEFORE ME, NOTARY PUBLIC,
FOR THE PARISH OF _Jefferson_____,
STATE OF LOUISIANA,
THIS 23rd day of _May_____, 2007.

_____
Notary Public  Gerald A. Parele (La. Bar No.
My Commission expires is for Life    26718 )

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Fuentes-Fernandez & Company, PSC; Joseph Fuentes CPA | Case No: 1:07-cv-00846  RJL |
| Plaintiffs | |
| V. | |
| Caballero & Castellanos, PL; ABC Insurance Co.; Mr. Orlando Rodríguez; Mr. Jonathan Cruz; and Juan Rivera | |
| Defendants | |

**STATE OF LOUISIANA**                                    **PARISH OF ORLEANS**

### SWORN AFFIDAVIT

BE IT KNOWN, that on the date indicated herein below, before me, Notary Public, personally came and appeared **Orlando Rodriguez**, a person of the full age of majority, with date of birth of November 26th, 1983, who after being sworn did depose and say that:

1.    He is a citizen of the commonwealth of Puerto Rico, with voting registration card in Puerto Rico, with two different bank accounts in Puerto Rico; with no other telephone service other than cellular phone area code of Puerto Rico; with active post office box in Puerto Rico; with continuous travel back and forth to Puerto Rico from Louisiana; and having paid income taxes in 2006 to the commonwealth of Puerto Rico;

2.    He has never had nor does he have any intention of becoming a Louisiana citizen, having traveled to Louisiana as a result of the devastation of hurricane Katrina as an accountant only temporarily to provide services in the state of Louisiana, and at the behest of Fuentes-Fernandez & Company, presently residing since October, 2006 at 3734 Loyola Drive, 260N, City of Kenner, in the State of Louisiana, 70065;

3.    He has never been licensed, is not licensed to do or does any business in the District of Columbia nor has he ever rendered any services in the District of Columbia or transacted any business in the District of Columbia, contracted to supply services or things in the District of Columbia, or appointed any agent for

service of process in the District of Columbia.

4.      He has never nor does he regularly solicit business, engages in any other persistent course of conduct, or derives any revenue from goods used or consumed in the District of Columbia.

5.      He does not own or have an interest nor has he ever owned or had an interest in any real property, real estate, or real rights in the District of Columbia.

6.      He does not maintain any offices or employees who work within the District of Columbia or have any continuous or systematic contacts with the District of Columbia.

7.      He has never nor does he presently advertise his services in the District of Columbia.

8.      He has never contracted to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia.

9.      That the above is true and correct to the best of affiant's information, knowledge, and belief.

ORLANDO RODRIGUEZ

SWORN AND SUBSCRIBED TO
BEFORE ME, NOTARY PUBLIC,
FOR THE PARISH OF Jefferson,
STATE OF LOUISIANA,
THIS 23rd day of Ma, 2007.

Notary Public Serell A. Ravelo (LA Bar No. 26718)
My Commission expires Is for Life.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Fuentes-Fernandez & Company, PSC;

Joseph Fuentes CPA

  Plaintiffs

  V.

Caballero & Castellanos, PL; ABC
Insurance Co.; Mr. Orlando
Rodríguez; Mr. Jonathan Cruz; and
Juan Rivera

  Defendants

Civil Action No.:
       1:07-cv-00846  RJL

## CERTIFICATE OF REPRESENTATION WITHOUT COMPENSATION

Pursuant to Local Rule LCvR 83.2 (g), I hereby certify that I am handling this case without a fee.

Respectfully submitted,

Gerald Antonio Rovelo
District of Columbia Bar No. 471798
915 Brockenbraugh Court
Metairie, Louisiana 70005-1603
Tel.: 504-754-2379
Fax: 504-754-2440
Email: garovelo@cox.net
Attorney for:  Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Fuentes-Fernandez & Company, PSC;
Joseph Fuentes CPA

    Plaintiffs

    V.

Caballero & Castellanos, PL, *4649 Ponce de Leon, Blvd. Suite 404, Coral Gables, FL 33146*; ABC Insurance Co.; Mr. Orlando Rodríguez, *HC-01 Box 6835, Aibonito, PR 00705*; Mr. Jonathan Cruz, *6060 Tower Court, Apt. 504, Alexandria, Virginia 22304*; and  Juan Rivera, *624 S. Ridge Street, Lakeworth, Florida 33460.*

    Defendants

Civil Action No.
1:07-cv-00846  RJL

## MOTION TO DISMISS
## FOR LACK OF JURISDICTCION OVER THE SUBJECT MATTER
## FOR LACK OF JURISDICTION OVER THE PERSON,
## FOR IMPROPER VENUE, AND
## FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Now, through undersigned counsel, come named defendants who pursuant to Rule 12(b) of the Federal Rules of Civil Procedure respectfully move this honorable court to dismiss the complaint filed on behalf of Fuentes-Fernandez & Company, PSC and Joseph Fuentes CPA---hereinafter referred to as "plaintiffs"---for lack of this court's subject matter jurisdiction since there exists no diversity of citizenship between all plaintiffs and all defendants; for lack of this court's personal jurisdiction over defendants since defendants have not transacted any business in the District of Columbia; and, for improper venue since all acts or omissions alleged by plaintiffs' complaint occurred in

New Orleans, Louisiana as is more fully set forth in the accompanying memorandum in support of this motion.

Wherefore, named defendants pray that this Honorable Court grant their motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction, for lack of personal jurisdiction, and for improper venue.

Respectfully submitted,

Gerald Antonio Rovelo
District of Columbia Bar No. 471798
915 Brockenbraugh Court
Metairie, Louisiana 70005-1603
Tel.: 504-754-2379
Fax: 504-754-2440
Email: garovelo@cox.net
Attorney for:   Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing motion to dismiss has been served upon Plaintiff's counsel of record by faxing same to fax number 787-641-8450 and depositing same in the U.S. mail, postage pre-paid, this 31st day of May, 2007.

GERALD ANTONIO ROVELO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Fuentes-Fernandez & Company, PSC;
Joseph Fuentes CPA

    Plaintiffs

    V.

Caballero & Castellanos, PL; ABC
Insurance Co.; Mr. Orlando
Rodríguez; Mr. Jonathan Cruz; and
Juan Rivera

    Defendants

Civil Action No.:
    1:07-cv-00846  RJL

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER FOR LACK OF JURISDICTION OVER THE PERSON, AND FOR IMPROPER VENUE

MAY IT PLEASE THE COURT:

Now into court come named defendants who submit the following memorandum in support of their motion to dismiss for lack of subject matter jurisdiction, for lack of personal jurisdiction, and for improper venue.

### FACTS

On or about June 18th, 2006, Caballero and Castellanos, PL---hereinafter referred to as "CC"---via email contacted Joseph Fuentes of Fuentes-Fernandez & Company---hereinafter referred to as "FFC"---seeking accountants to place in New Orleans, Louisiana as part of a financial recovery support services contract CC had entered into with the Department of Housing and Urban Development (HUD).  CC never visited with

FFC in the District of Columbia nor in the State of Florida. All communication regarding their contractual relationship was done mostly via email.

Pursuant to these discussions, FFC sent CC the resumes of individuals who would be potential candidates for the accountant positions in New Orleans. In these resumes were those belonging to Mr. Orlando Rodriguez and Mr. Juan Rivera. In July, a month later, FFC forwarded Mr. Jonathan Cruz's resume. FFC had had discussions with Mr. Rodriguez and Mr. Rivera regarding accountant services in New Orleans and had discussed with Mr. Rodriguez and Mr. Rivera the above mentioned job opportunity, in particular Mr. Fuentes informed them of salary, job requirements, location, and start date. Again, FFC used only email and telephone calls as the means of communication with Mr. Rodriguez and Mr. Rivera. Throughout these initial long distance telephonic conversations and/or emails, Mr. Rodriguez was physically present in Puerto Rico and Mr. Rivera in Florida. Mr. Cruz visited FFC's offices once in the District of Columbia, yet had not entered into an agreement for employment until FFC had contacted him a month later regarding the opportunity in New Orleans. Thus, on or about June 23rd, 2006, via long distance telephone calls, FFC had reached an agreement with Mr. Rodriguez and Mr. Rivera regarding employment and with Mr. Cruz a month later. These agreements were later memorialized in August, 2006 by a standard subcontractor agreement signed by Mr. Rodriguez, Mr. Rivera, and Mr. Cruz---hereinafter referred to as the "defendant-accountants"---in New Orleans and faxed to FFC in the District of Columbia.

As part of the initial agreement, Mr. Fuentes provided air travel and sent confirmation of the airplane tickets via email to all defendant-accountants. Upon arriving

in New Orleans, defendant-accountants met with representatives of CC and began work at the Housing Authority of New Orleans. During their whole stay in New Orleans, defendant-accountants began to encounter all sorts of problems with their accommodations and with their pay---responsibilities of FFC as per the agreed contract. Mr. Fuentes had not made any hotel reservations for them when they first arrived in New Orleans nor did he inform them of this problem. In the ensuing weeks and months, FFC did not pay their salary as per the subcontractor agreement. When contacting FFC regarding these housing and pay issues, the defendant-accountants' only means of communicating with FFC would be by calling Mr. Fuentes at his Virginia cellular phone number or by sending him an email. In July, 2006, Mr. Fuentes made a trip to New Orleans and met with defendant-accountants to discuss pay and housing issues. In October, 2007 at the behest of FFC, defendant-accountants moved into apartments in the city of Kenner, a suburb of New Orleans. Throughout this whole contractual relationship, defendant-accountants made their only trip to Washington, D.C. in January, 2007 to discuss with Mr. Fuentes the termination of the contract between CC and FFC. Mr. Fuentes asked defendant-accountants to remain with FFC.

In March, 2007, defendant-accountants sent FFC a demand letter for salary and bonuses owed. FFC responded by instituting this lawsuit.

## Law and Argument

### I. This Court Lacks Subject Matter Jurisdiction

Plaintiffs filed the present lawsuit alleging various claims, all which stem from the aforementioned contractual relationship they entered into with the named defendants for services to be performed completely in New Orleans, Louisiana. They allege that the

basis for this court's subject matter jurisdiction is based on diversity of citizenship between all parties. Particularly, plaintiffs erroneously allege that Mr. Orlando Rodriguez, Mr. Jonathan Cruz, and Mr. Juan Rivera are all residents of the State of Louisiana. However, as the attached affidavits clearly establish, none of these defendants are residents of the State of Louisiana nor have any of them taken steps to become citizens of the State of Louisiana. On the contrary, all defendant-accountant have maintained their citizenships of the state or commonwealth where they resided prior to going to New Orleans, Louisiana to work. Mr. Rodriguez is a resident of the commonwealth of Puerto Rico; Mr. Cruz is a resident of the commonwealth of Virginia; and, Mr. Rivera is a resident of the State of Florida.

A federal district court has subject-matter jurisdiction over a suit when the amount in controversy exceeds $75,000 and the parties are diverse in citizenship.[1] Diversity must be complete; *no plaintiff may be a citizen of the same jurisdiction as any defendant.*[2] Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction."[3] On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction.[4]

Mr. Rodriguez, Mr. Rivera, and Mr. Cruz have never had the intention of making Louisiana their state of residency. They have lived at their present address in Louisiana for approximately seven months and only moved to the apartment where they live after Mr. Fuentes of FFC required them to do so. FFC did not want to continue paying for the

---

[1] 28 U.S.C. § 1332(a)

[2] *Shulman v. Voyou, LLC*, 305 F.Supp.2nd 36 (D. D.C. 1/19/2004) *citing Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). Emphasis added.

[3] *Id. citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[4] *Id.*

cost of them living in a hotel. They all still maintain the same bank accounts they had in Puerto Rico and Virginia before traveling to New Orleans, Louisiana. They all vote in their respective state or commonwealth. None of them pay Louisiana state income taxes, but instead pay or have paid their 2006 taxes to their respective state or commonwealth of residency. They have not subscribed to telephone service in the local New Orleans area. They maintain their cellular phone with area code from either Puerto Rico or Virginia. They all continue to maintain their old addresses or P.O. Boxes for mail and correspondence. Mr. Rodriguez receives all his credit card bills and bank account statements at his Puerto Rico P.O. Box. Mr. Cruz continues to receive all his mail at his Virginia address and continues to pay rent on his apartment in Virginia. In Fact, as section 14 of the subcontractor agreement shows, all notices permitted or required under the agreement shall be delivered at the addresses each accountant had before traveling to New Orleans. These addresses are still the same addresses each accountant continues to maintain.

## II. This Court Lacks In Personam Jurisdiction

To determine whether this court is able to exercise personal jurisdiction over defendants, the court must engage in a two-part inquiry. First, the court must examine whether jurisdiction is permitted under the District of Columbia's long-arm statute.[5] Second, if the long arm statute provides a basis for exercising jurisdiction, the court must then determine whether exercising jurisdiction over the defendant would offend due process.[6] If the court finds no statutory basis for the exercise of jurisdiction under D.C.'s long arm statute, then the court does not need to conduct a due process analysis.

---

[5] *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).
[6] *Id.*

*Statutory Basis Unfounded*

Plaintiffs fail to mention in their complaint the statutory basis for this court's exercise of in personam jurisdiction. The complaint only states plaintiffs' reasons for establishing this court's subject matter jurisdiction and venue. Defendants aver that this court's general jurisdiction is lacking because none of them are citizens of the District of Columbia nor can plaintiffs allege any specific facts that would show that defendants have had the continuous and systematic contacts with the District that would support an exercise of general jurisdiction. Plaintiffs' complaint wishes to establish in personam jurisdiction from a few emails and from contracts signed outside of the District of Columbia. Thus, the only basis defendants can surmise for in personam jurisdiction must be under specific jurisdiction pursuant to the "transacting business" clause of the D.C. Code § 13-423. Section 13-423 states in pertinent part:

> (a)    A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's.

> (1) transacting any business in the District of Columbia;

**********

> (b)    When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

Nothing in plaintiffs' complaint alleges that either CC or any of the accountants have transacted any business in the District of Columbia. On the contrary, plaintiffs' allegations clearly show that all communication between them and defendants were via email. Performance of the contract that existed between plaintiffs and defendants occurred in New Orleans, Louisiana. Other than their trip in January, 2007 to meet with

Mr. Fuentes to be informed that CC and FFC would no longer maintain a contractual relationship, Mr. Rodriguez and Mr. Rivera have had no physical presence in the District of Columbia. Only Mr. Cruz met with Mr. Fuentes in FFC's District of Columbia's office once before being hired to work in New Orleans and nothing became of that meeting. All Negotiations with the accountants took place via email. FFC sent all resumes of potential accountants to CC by email. All complaints and/or demands made to Mr. Fuentes by either CC or any of the accountants were done mostly via email or through the demand letters through regular mail.

The plaintiffs bear the burden of proof of establishing personal jurisdiction.[7] The plaintiffs must make a prima facie showing of personal jurisdiction by alleging specific facts that demonstrate purposeful activity by the defendant in the District of Columbia invoking the benefits and protections of its laws.[8] When personal jurisdiction is challenged, the plaintiff "cannot rest on bare allegations or conclusory statements and must allege specific facts connecting each defendant with the forum."[9] Nor can plaintiffs' aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant.[10]

Assuming *arguendo* that this court construes plaintiffs' complaint as alleging that defendants transacted business in the District of Columbia, to meet the requirements of personal jurisdiction plaintiffs must then prove that the claim arose from the business transacted *in D.C.*[11] Moreover, the "transacting any business" within the meaning of §

---

[7] *Jacobsen v. Oliver*, 201 F. Supp.2d 93, 104 (D.D.C. 2002); *Dooley v. United Techs. Corp.*, 786 F. Supp. 65, 70 (D.D.C. 1992); *Lott v. Burning Tree Club, Inc.*, 516 F. Supp. 913, 918 (D.D.C. 1980).
[8] *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988); *Jacobsen*, 201 F. Supp.2d at 104; *Novak-Canzeri v. Saud*, 864 F. Supp. 203, 205 (D.D.C. 1994)
[9] *GTE New Media Servs., Inc., supra*, 21 F. Supp.2d at 36.
[10] *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980).
[11] *Brunson v. Kalil & Co.*, 404 F.Supp. 2nd 221, 227 (D. D.C., 2005).

13-423(a)(1) "embraces those contractual activities of a nonresident defendant which cause a consequence in the District."[12]

The contracts that form the basis of plaintiffs' lawsuit are contracts that were intended to be performed and in fact were performed in New Orleans. Plaintiffs' causes of action allege breaches of these contracts, tortuous intentional interference with these contracts, and emotional distress. Plaintiffs' claims all arise out of alleged breaches and consequences resulting from these alleged breaches. None of these claims arise out of the initial discussions that took place in the emails between plaintiffs and defendants. These causes of action arise from alleged actions that took place in New Orleans, Louisiana after the contracts had been signed in New Orleans, Louisiana and after performance had occurred in New Orleans, Louisiana. Plaintiffs allege that defendants contractually ambush them by terminating their respective contracts; however, assuming that this allegation is true, this act would of necessarily occurred in New Orleans, Louisiana not in the District of Columbia.

### Due Process

In order for a court to satisfy due process when exercising in personam jurisdiction, a nonresident corporate defendant must have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.[13] Under specific jurisdiction, these minimum contacts must be grounded in "some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and

---

[12] *Id. citing overseas Partners, Inc. v. PROGEN Musavirlik ve Yonetim Hizmetleri, Ltd. Sikerti*, 15 F.Supp.2d 47, 51 (D.D.C.1998).

[13] *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C. Cir. 2002) *quoting Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

privileges of its laws."[14]   In short, "the defendant's conduct and connection with the

forum State [must be] such that he should reasonably anticipate being haled into court

there."[15]   If minimum contacts are established then the court must determine whether

maintenance of the suit does not offend traditional notions of fair play and substantial

justice. In determining whether the notions of fair play and substantial justice would be

furthered by a finding of personal jurisdiction, this Court must consider the burden to

defendants in defending the suit in this jurisdiction; this jurisdictions interest in

adjudicating the dispute; Plaintiffs "interest in obtaining convenient and effective relief;

... the interstate judicial system's interest in obtaining the most efficient resolution of

controversies; and the shared interest of the several States in furthering fundamental

substantive social policies."[16]

    Nothing in plaintiffs complaint can be said to even suggest that defendants have

purposefully availed themselves of conducting activities with the District of Columbia. It

is a stretch of the imagination to think that defendants were purposefully availing

themselves of the protections of the District of Columbia's laws when communicating

with plaintiffs via emails. All performance of the contracts was to be done in New

Orleans. There was never any intention on any party to have performance in D.C. The

burden on defendants to defend this lawsuit in D.C. is tremendous. Particularly for the

individual accountants who only make a decent salary. They would have to incur costs

involved with travel to D.C. and hotels in D.C.  Louisiana has a larger interest in

adjudicating this matter than would D.C.  Since hurricane Katrina's devastation of New

---

[14] *Asahi Metal Indus. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1988).
[15] *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000) *quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).
[16] *World-Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564.

Orleans, there have been numerous problems with contractors and performance of agreements in the area.  Louisiana courts have a large interest in enforcing salary payments owed to out of state residents performing work in New Orleans like defendant-accountants.  Plaintiffs interest in obtaining relief can easily be done in Louisiana. Particularly since most witnesses and alleged acts were done in New Orleans.

### III. District of Columbia is the Improper Venue

Under section 1391(a)(2) of the general-venue statute, a plaintiff may bring a diversity action in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."[17]  Only locations hosting a "substantial part" of the events that "directly" give rise to a claim are relevant.[18]  Moreover, because the general-venue statute protects the defendant, courts often focus on the relevant activities of the defendant, rather than the plaintiff, in determining where a substantial part of the underlying events occurred.[19]

As stated, plaintiffs allegations of breach of contract stem from events that took place in New Orleans.  If this court focuses on the relevant activities of defendants, this court can only conclude that venue is proper in New Orleans, Louisiana.    All performance of the contract by the defendant-accountants was intended to and took place in New Orleans. The signing of the subcontractor agreements were done in New Orleans. The letter of intent made reference to in plaintiffs' complaint was submitted in New Orleans to HUD via the Housing Authority of New Orleans.  Plaintiffs' complaint is ambiguous as to how CC failed to make payments; nevertheless, any reasons for these allegations could have only stemmed from events that took place in New Orleans.

---

[17] 28 U.S.C. § 1391(a)(2); *Buchanan v. Manley*, 145 F.3d 386, 389 (D.C.Cir. 1998).

[18] *Abramoff v. Shake Consulting, L.L.C.*, 288 F.Supp. 2nd 1, 4 (D. D.C. 2003).

[19] *Id.*

Of course, this court has the power to transfer this case to New Orleans, notwithstanding its lack of personal jurisdiction. Defendants submit that the only proper venue pursuant to this action is in New Orleans, Louisiana.

Respectfully submitted,

Gerald Antonio Rovelo
District of Columbia Bar No. 471798
915 Brockenbraugh Court
Metairie, Louisiana 70005-1603
Tel.: 504-754-2379
Fax: 504-754-2440
Email: garovelo@cox.net
Attorney for:   Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing motion to dismiss has been served upon Plaintiff's counsel of record by faxing same to fax number 787-641-8450 and depositing same in the U.S. mail, postage pre-paid, this 31st day of May, 2007.

GERALD ANTONIO ROVELO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Fuentes-Fernandez & Company, PSC; Joseph Fuentes CPA | Case No: 1:07-cv-00846 RJL |
| Plaintiffs | |
| V. | |
| Caballero & Castellanos, PL; ABC Insurance Co.; Mr. Orlando Rodríguez; Mr. Jonathan Cruz; and Juan Rivera | |
| Defendants | |

**STATE OF LOUISIANA**
**PARISH OF ORLEANS**

### SWORN AFFIDAVIT

BE IT KNOWN, that on the date indicated herein below, before me, Notary Public, personally came and appeared **Juan Rivera**, a person of the full age of majority, with date of birth of February 25th, 1983, who after being sworn did depose and say that:

1.   He is a citizen of the State of Florida, with Florida driver license, with primary residence at 624 S. Ridge St., Lakeworth, Florida, 33460; with his primary bank account in Florida; with no other telephone service other than a cellular phone with area code of Puerto Rico; with the State of Florida as his state of citizenship in his income tax;

2.   He has never had nor does he have any intention of becoming a Louisiana citizen, having traveled to Louisiana as a result of the devastation of hurricane Katrina as an accountant only temporarily to provide services in the state of Louisiana, and at the behest of Fuentes-Fernandez & Company, presently residing since October, 2006 at 3616 Loyola Drive, 271S, City of Kenner, in the State of Louisiana, 70065;

3.   He has never been licensed, is not licensed to do or does any business in the District of Columbia nor has he ever rendered any services in the District of Columbia or transacted any business in the District of Columbia, contracted to supply services or things in the District of Columbia, or appointed any agent for

service of process in the District of Columbia.

4.    He has never nor does he regularly solicit business, engages in any other persistent course of conduct, or derives any revenue from goods used or consumed in the District of Columbia.

5.    He does not own or have an interest nor has he ever owned or had an interest in any real property, real estate, or real rights in the District of Columbia.

6.    He does not maintain any offices or employees who work within the District of Columbia or have any continuous or systematic contacts with the District of Columbia.

7.    He has never nor does he presently advertise his services in the District of Columbia.

8.    He has never contracted to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia.

9.    That the above is true and correct to the best of affiant's information, knowledge, and belief.

_____
JUAN RIVERA

SWORN AND SUBSCRIBED TO
BEFORE ME, NOTARY PUBLIC,
FOR THE PARISH OF _Jefferson_,
STATE OF LOUISIANA,
THIS 28th day of May, 2007.

_____
Notary Public   Gerald A. Rovelo (LA Bar No. 26718)
My Commission expires is for life.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Fuentes-Fernandez & Company, PSC;
Joseph Fuentes CPA

    Plaintiffs

    V.

Caballero & Castellanos, PL; ABC
Insurance Co.; Mr. Orlando
Rodríguez; Mr. Jonathan Cruz; and
Juan Rivera

    Defendants

Case No: 1:07-cv-00846  RJL

**STATE OF LOUISIANA**                                    **PARISH OF ORLEANS**

## SWORN AFFIDAVIT

    BE IT KNOWN, that on the date indicated herein below, before me, Notary Public, personally came and appeared **Jonathan Cruz**, a person of the full age of majority, with date of birth of December 26th, 1981, who after being sworn did depose and say that:

1.     He is a citizen of the commonwealth of Virginia, with voting registration card in Virginia, with primary residence at 6060 Tower Court, Apartment 504, Alexandria, Virginia, 22304; with two bank accounts in Virginia; with no other telephone service other than a cellular phone with area code of Virginia; with continuous travel back and forth to Virginia from Louisiana; and with the commonwealth of Virginia as his state of citizenship in his income tax;

2.     He has never had nor does he have any intention of becoming a Louisiana citizen, having traveled to Louisiana as a result of the devastation of hurricane Katrina as an accountant only temporarily to provide services in the state of Louisiana, and at the behest of Fuentes-Fernandez & Company, presently residing since October, 2006 at 3734 Loyola Drive, 359N, City of Kenner, in the State of Louisiana, 70065;

3.     He has never been licensed, is not licensed to do or does any business in the District of Columbia nor has he ever rendered any services in the District of Columbia or transacted any business in the District of Columbia, contracted to supply services or things in the District of Columbia, or appointed any agent for

service of process in the District of Columbia.

4.    He has never nor does he regularly solicit business, engages in any other persistent course of conduct, or derives any revenue from goods used or consumed in the District of Columbia.

5.    He does not own or have an interest nor has he ever owned or had an interest in any real property, real estate, or real rights in the District of Columbia.

6.    He does not maintain any offices or employees who work within the District of Columbia or have any continuous or systematic contacts with the District of Columbia.

7.    He has never nor does he presently advertise his services in the District of Columbia.

8.    He has never contracted to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia.

9.    That the above is true and correct to the best of affiant's information, knowledge, and belief.

JONATHAN CRUZ

SWORN AND SUBSCRIBED TO
BEFORE ME, NOTARY PUBLIC,
FOR THE PARISH OF _____,
STATE OF LOUISIANA,
THIS ____ day of _____, 2007.

Notary Public  Gerald A. Ravelo (La. Bar No. 26718 )
My Commission expires  is for Life .

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Fuentes-Fernandez & Company, PSC;
Joseph Fuentes CPA

    Plaintiffs

    V.

Caballero & Castellanos, PL; ABC
Insurance Co.; Mr. Orlando
Rodríguez; Mr. Jonathan Cruz; and
Juan Rivera

    Defendants

Case No: 1:07-cv-00846  RJL

**STATE OF LOUISIANA**                    **PARISH OF ORLEANS**

### SWORN AFFIDAVIT

BE IT KNOWN, that on the date indicated herein below, before me, Notary Public, personally came and appeared **Orlando Rodriguez**, a person of the full age of majority, with date of birth of November 26th, 1983, who after being sworn did depose and say that:

1.    He is a citizen of the commonwealth of Puerto Rico, with voting registration card in Puerto Rico, with two different bank accounts in Puerto Rico; with no other telephone service other than cellular phone area code of Puerto Rico; with active post office box in Puerto Rico; with continuous travel back and forth to Puerto Rico from Louisiana; and having paid income taxes in 2006 to the commonwealth of Puerto Rico;

2.    He has never had nor does he have any intention of becoming a Louisiana citizen, having traveled to Louisiana as a result of the devastation of hurricane Katrina as an accountant only temporarily to provide services in the state of Louisiana, and at the behest of Fuentes-Fernandez & Company, presently residing since October, 2006 at 3734 Loyola Drive, 260N, City of Kenner, in the State of Louisiana, 70065;

3.    He has never been licensed, is not licensed to do or does any business in the District of Columbia nor has he ever rendered any services in the District of Columbia or transacted any business in the District of Columbia, contracted to supply services or things in the District of Columbia, or appointed any agent for

service of process in the District of Columbia.

4.    He has never nor does he regularly solicit business, engages in any other persistent course of conduct, or derives any revenue from goods used or consumed in the District of Columbia.

5.    He does not own or have an interest nor has he ever owned or had an interest in any real property, real estate, or real rights in the District of Columbia.

6.    He does not maintain any offices or employees who work within the District of Columbia or have any continuous or systematic contacts with the District of Columbia.

7.    He has never nor does he presently advertise his services in the District of Columbia.

8.    He has never contracted to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia.

9.    That the above is true and correct to the best of affiant's information, knowledge, and belief.

_____
ORLANDO RODRIGUEZ

SWORN AND SUBSCRIBED TO
BEFORE ME, NOTARY PUBLIC,
FOR THE PARISH OF Jefferson ,
STATE OF LOUISIANA,
THIS 25th day of Ma , 2007.

_____
Notary Public   Gerald A. Rovelo (LA Bar No. 26718)
My Commission expires is for life .