IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Fuentes-Fernandez & Company, PSC; Joseph Fuentes CPA**<br><br>Plaintiffs<br><br>V.<br><br>**Caballero & Castellanos, PL; Mr. Orlando Rodriguez; and Mr. Juan Rivera.**<br><br>Defendants | CIVIL NO: 07-00846 (RL)<br><br><br>BREACH OF CONTRACT<br>AND TORTS<br><br>PLAINTIFFS DEMAND JURY TRIAL |

### MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**TO THE HONORABLE COURT AND THE CLERK'S OFFICE:**

**COME NOW,** Plaintiffs Fuentes-Fernandez & Company, PSC (FFC) and Joseph Fuentes, CPA in his individual capacity, through the undersigned legal counsel whom most respectfully opposes Plaintiffs Motion to Dismiss (D.E. 7) for the following reasons:

### INTRODUCTION

In essence, the appearing defendants are requesting that this Court should dismiss the complaint for the following reasons:

1) Lack of subject matter jurisdiction since one defendant, allegedly Mr. Jonathan Cruz, is a resident of the state of Virginia and consequently full diversity does not exist between the parties; and

2) That Venue is improper because two of the named defendants, allegedly Mr. Orlando Rodriguez and Mr. Juan Rivera, have never engaged in any type of

1

transactions that would expose them to the District of Columbia's long-arm statute. D.C. Code § 13-423.

**LEGAL MEMORANDUM**

1) As this Court can easily ascertain from a cursory review of the case docket, any controversy regarding subject matter jurisdiction, as was argued by the appearing defendants, has become **moot.** Full diversity exists between all of the existing parties, which consequently rest with the necessary legal and constitutional authority to preside over the controversy at hand.

2) The only remaining matter to be adjudicated by this Court, is whether or not the District of Columbia is the proper venue to entertain the present case.

3) For purposes of expediency, the appearing Plaintiffs respectfully request that this Court adopt by reference all pleadings that were made in the Verified Complaint for the sole purpose of establishing the lack of merit of defendants' averments and legal arguments.

4) Moreover, it is of great importance to note and emphasize, that the principle defendant, Caballero and Castellanos, PC (C&C) **did not object** as an appearing party in Defendants' Motion to Dismiss to Plaintiffs' claim that proper venue rest in the District of Columbia. Consequently, as this Court well knows, failure to present a timely objection to Plaintiffs' chosen venue, constitutes a waiver of said right and submits said party to Plaintiffs' chosen forum. Federal Rule of Civil Procedure 12 (b) clearly establishes that failure to present a timely objection, even through inadvertence or otherwise, will deem said right waived.

5) Moreover, if C&C intended to raise an objection to Plaintiffs' chosen venue, said party must raise said objection with specificity. <u>Extron, Inc</u>. v <u>Maloney- Crawford Tank Mfs.</u> (Co., 252 E. Supp. 362 (S.D. Tex. 1966). To prevail on a Motion to Dismiss for improper venue, a defendant must present facts that will defeat a plaintiff's assertion of venue. <u>Darby</u> v. <u>U.S. Department of Energy</u>, 231 F. Supp. 2d, 274, 277 (D.D.C. 2002).

6) Consequently, C&C is impeded from raising any objection as to the District of Columbia as a proper venue for the following reason: as the primary contractor in the present case, the governing contractual relationship that generates all existing disputes as was admitted by defendants in their Motion to Dismiss, took place in Washington D.C. through their own admission, C&C cannot claim, even under the most liberal interpretation possible, that said party could have never expected to be subjected to the jurisdiction of this Court. C&C transacts business in the District of Columbia and caused a tortuous injury in the District of Columbia by an act or omission outside the District while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District. D.C. Code § 13-423(a) (1)-(4) (2006).

7) As this Court is fully familiar with, in the District of Columbia, the courts have applied a liberal interpretation to venue requirements. **Venue should be accepted if the activities that transpired in the forum district were not insubstantial in relation to the totality of the events giving rise to plaintiff's grievance.** <u>Vinson</u> v. <u>United States of</u> <u>America,</u> 2004 U.S. Dist. Lexis 22782; 94 A.F.T. R. 2d CRIA) 6207 (2004).

8) Being the case that the principle defendant C&C has waived any objection to this District being the forum of the present controversy, the only matter that remains to be resolved by this Court is whether or not the fact that two remaining defendants who reside in Puerto Rico and the state of Florida, would be inconvenienced by adjudicating the present controversy in the District of Columbia.

9) Even though Defendants exert great effort in trying to convince this Court that Louisiana would be the proper forum for the present case, said parties clearly acknowledge through their statement under penalty of perjury, that not a single defendant in the present case resides in the State of Louisiana and that all the named defendants knew that any breach of contract would inflict substantial economic damages to the corporation based in the District of Columbia and to a plaintiff that resides in Virginia. (See Exhibit #1)

10) Consequently, being that this Court has subject matter jurisdiction over the present controversy, the only remaining question to be resolved is whether the inconvenience of defendant Orlando Rodriguez, who resides in Puerto Rico but works in Louisiana, and the inconvenience of defendant Juan Rivera who resides in the state of Florida but works in the state of Louisiana, is weighed against the inconvenience that transferring the present case to another district could cause Plaintiff Fuentes Fernández & Company, P.S.C. (FFC), a District of Columbia based corporation, Plaintiff Joseph Fuentes, who resides in the State of Virginia, and defendant C&C which has submitted itself through waiver to the present venue. Needless to say, common sense and practicality clearly establish that in the interest of justice and

judicial economy, the most convenient and indeed proper venue under the above set of facts, is the District of Columbia.

11) Plaintiffs respectfully notify this Court that it will be filing an Amended Verified Complaint as provided by Rule 15(a) of the Federal Rules of Civil Procedure to incorporate newly discovered facts from defendants' motion to dismiss as they pertain to the admitted residence of defendants Mr. Orlando Rodriguez and Mr. Juan Rivera.

**WHEREFORE,** the appearing Plaintiffs request that the Honorable Court deny defendants' Motion to Dismiss for the above stated reasons.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 11th day of July of 2007.

**CERTIFICATE OF SERVICE:** I hereby certify that on today's date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Gerald Antonio Rovelo,** garovelo@cox.net.

        s/Alfredo Castellanos
        USDCPR 208005
        Castellanos & Castellanos Law Firm, P.S.C.
        161 San Jorge St., Suite 401
        San Juan, PR  00911
        Tel: 787-641-8447  Fax: 787-641-8450
        alfredo@castellanoslawfirm.com
        ***Counsel for Plaintiffs***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Fuentes-Fernandez & Company, PSC; Joseph Fuentes CPA<br><br>Plaintiffs<br><br>V.<br><br>Caballero & Castellanos, PL; ABC Insurance Co.; Mr. Orlando Rodriguez; Mr. Jonathan Cruz; and Mr. Juan Rivera.<br><br>Defendants | CIVIL NO:<br><br><br>BREACH OF CONTRACT AND TORTS<br><br>PLAINTIFFS DEMAND JURY TRIAL |

## VOLUNTARY STATEMENT UNDER PENALTY OF PERJURY

TO THE HONORABLE COURT:

**NOW COMES,** Joseph Fuentes, of legal age, resident of Virginia, who states under penalty of perjury the following:

1. That my personal circumstances are as previously mentioned;
2. That the attached email was redacted by the undersigned and was sent to defendants Mr. Orlando Rodriguez and Mr. Juan Rivera.
3. That the undersigned clearly established and stipulated with the above named defendants, that their home base would be the District of Columbia.

**WHEREFORE,** I submit the present statement under penalty of perjury in support of the remedy sought in the present complaint, for the benefit of this Court.

**RESPECTFULLY SUBMITTED.**

In Washington, District of Columbia, on July 11th, 2007.

_____
Mr. Joseph Fuentes

1

**Joey Fuentes**

| | |
|---|---|
| From: | Fuentes – Fernandez [joey@fuentes-fernandez.com] |
| Sent: | Friday, June 23, 2006  7:24 AM |
| To: | Juan Rivera |
| Cc: | guga_pr@yahoo.com |
| Subject: | Re: Resume Juan and Orlando |

Juan and Orlando,

As agreed in our telephone conversation yesterday with you and Orlando, I confirm the following:

1. You will be compensated $3,000 monthly, paid every fifteen days on the fifteenth and the thirtieth each month.  You will be required to submit time and efforts reports on the fifteenth and the thirtieth each month by fax indicating the hours worked during each fifteen-day period.
2. The firm will be temporarily assigned $250 for per diem to cover hotel and meals, and any other incidental expense.  3.  The firm must cover air travel expenses up to $600 per round trip ticket every two weeks so that you may return to your respective homes, whether they are in PR or in DC, understanding that your home base will be in DC and these trips may be taken [only] with previous authorization so that the services provided to clients will not be affected or interrupted, as the case may be.
4. You are to work together with the Fuentes-Fernandez and Company personnel as well as with the Caballero & Castellanos and Federal Housing Department personnel for technical and accounting assistance for Troubled Public Housing in New Orleans.

I will send the ticket record locator numbers for each one of you so that when you arrive at the airport, you will be able to pick up your tickets.  Maria Josefina River, CPA is a colleague that will arrive in N.O. on Sunday to work internally on the project for two to three weeks until she can be replaced by another person whose # is 787-344-6893.  In addition, I will notify you about where you will be staying and where you are expected to report on Monday.

I look forward to meeting you next week and being able to formalize both of your contracts.  This is a unique opportunity that you both have for developing your skills and technical capabilities in accounting and in the HUD financing system and in federal government structure.  Furthermore, this is an opportunity for First Financial Corporation.  That is why I am asking you to dedicate your efforts to achieving the growth and success of this project.

This should result in long term benefits for all.

Welcome,
Joey Fuentes, CPA
President
Fuentes-Fernandez & Company
1001 Connecticut Ave. NW Suite 300
Washington, DC  20036
Tel  202-861-1901  ext. 106

Fax 20-861-1904
Cell  787-406-2382

On Jun 22  13:45, "Juan Rivera" juanriveracartagena@gmail.com  wrote:
>
> Subject:  Resume Juan and Orlando
>
> Hi Joey here is our resume any questions please call me at
> 787-557-1958, thank you.
>
> Juan
>
>

CERTIFIED TRANSLATION
I CERTIFY THIS TO BE A CORRECT
TRANSLATION OF ITS ORIGINAL IN THE
SPANISH LANGUAGE

NOEL ZAMOT
CERTIFIED COURT INTERPRETER-TRANSLATOR
BY THE ADMINISTRATIVE OFFICE OF
THE UNITED STATES COURTS