IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Fuentes-Fernandez & Company, PSC; <br><br> Plaintiff, <br><br> v. <br><br> Cabellero & Castellanos, PL; and Elias Castellanos <br><br> Defendants. | CIVIL NO. 1:07-cv-00846 (RJL) |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE

I.    BACKGROUND

A.    PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, Fuentes-Fernandez & Company, PSC  ("FFC") a corporation organized under the Commonwealth of Puerto Rico [¶ 1, Second Amended Complaint (hereinafter "SAC"), DE 28] has filed this diversity action against two Defendants, Cabellero & Castellanos, PL, ("C&C") a Florida professional certified accounting corporation (¶ 2, SAC) and one of its partners, Elias Castellanos, a Florida resident, arising out of a purported subcontract between FCC and C&C to furnish financial operational services to National Technologies, Inc. ("NTI"), a contractor hired by the U.S. Department of Housing and Urban Development, the Court appointed Administrative Receiver for the Housing Authority of New Orleans, (HANO) (¶¶ 7, 8, SAC).  According to the suit, FFC provided junior-level auditors, Carlos Rivera, Orlando Rodriguez, and Jonathan Cruz to work on the HANO project in New Orleans. FCC complains that the Defendants committed to long term agreement and because they failed to deliver as promised, they are liable for breach of contract (Count I), interference with contractual relations (Count II), promissory estoppel

(Count III), quantum merit (Count IV) and fraud (Count V).

Although Plaintiff alleges that it does business in the District of Columbia (¶ 1, SAC) and that a substantial part of the events relating to their claims arose in the District (¶ 5, SAC), they have failed to explain any connection between the Defendants and this jurisdiction anywhere in their Second Amended Complaint. Although the Second Amended Complaint refers to series of e-mails between the parties (¶¶ 15, 18, 19, 30, 37, 38, 66) relating to the underlying transaction and to Plaintiff's efforts to get the Defendant to accept a written agreement that would create a long term relationship (¶¶ 30, 37, 40), noticeably absent from the allegations are any facts recounting specific events or transactions between the parties that actually took place in the District of Columbia.

      B.      <u>FACTS RELATING TO VENUE</u>

The Defendant is a public accounting firm located in Coral Gables, Florida. Defendant entered into a contract to provide financial operation services to the Court appointed receiver of HANO. Defendant asked Plaintiff to furnish junior level auditors to assist in the project. The three (3) auditors, residents respectively of Florida, Virginia and Puerto Rico, performed services under the subcontract in New Orleans, Louisiana, the location where the documents relating to the services are housed (DE 7 at p.34-35). The Defendant solicited Plaintiff from its office in Florida. No representatives of the Defendant met with the Plaintiff in this jurisdiction.

III.    APPLICABLE VENUE STATUTES

In a diversity action, a civil suit may be brought only in: "(1) a judicial district where any Defendant resides, if all Defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the action occurred . . . or

(3) a judicial district in which any Defendant is subject to personal jurisdiction at the time the action was commenced, if there is no other district in which the action may otherwise be brought."  28 U.S.C. § 1391(a). Here, Plaintiff relies on 28 U.S.C. § 1391(a)(2), asserting that a substantial part of the events giving rise to the action occurred in the District of Columbia.

Under 28 U.S.C. § 1404, this Court may transfer the venue of any action "for the convenience of parties and witnesses (and) in the interest of justice . . . to any other district or division where it might have been brought."  This case could have been brought in the Southern District of Florida based on the fact that the Defendant is incorporated in the District.  See, 28 U.S.C. § 1391(a)(1).  As explained below, transfer to this District is required under well recognized principles governing motions to transfer venue.

IV.    STANDARD OF REVIEW

"A Defendant bears the burden of establishing that the transfer is proper, . . . however (the Court is vested) with discretion to adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness."  Reiffin v. Microsoft Corp., 104 F.Supp. 2d 48,50 (D.D.C. 2000) (internal citations omitted).  "Because §1404(a) contemplates transfer rather than dismissal, transfer is available upon a lesser showing of inconvenience than required for a non-statutory forum non conveniens dismissal."  Id., citing SEC v. Savoy, 587 F.2d 1149, 1154 (D.C. Cir. 1978).  "In considering whether to transfer this matter to another, purportedly more appropriate venue, this Court also considers a number of public and private interest factors, including the convenience of the witnesses of Plaintiff and Defendant; easy of access to sources of proof; availability of compulsory process to compel the attendance of unwilling witnesses; the relative congestion

of the calendars of potential transferee and transferor courts; and other practical aspect(s) of expeditiously and conveniently conduct a trial . . . These 'practical public-interest factors include the potential transferee's courts' familiarity with the governing laws". <u>Reiffin</u>, supra at 52 (internal citations omitted).

V.    THE PUBLIC AND PRIVATE INTEREST FACTORS OVERWHELMINGLY FAVOR THE TRANSFER OF THE CASE

    A.    <u>CONVENIENCE OF WITNESSES OF PLAINTIFF AND DEFENDANT</u>

The convenience of the parties' witnesses favors transfer.  The Plaintiff is a Puerto Rico corporation.  There are two (2) Defendants, a Florida certified public accounting firm and one of its partners, who resides in Broward County, Florida.  The three (3) junior auditors referred to in the Second Amended Complaint were previously named as party Defendants, but later dismissed from the suit.  Each of the three auditors performed work on the HANO project in Louisiana. (Affidavits of Juan Rivera, Jonathan Cruz and Orlando Rodriguez, DE 7 at pgs 34-39). According to their affidavits, none of these witnesses reside in the District of Columbia; Rivera lives in Florida, Cruz in Virginia and Rodriguez in Puerto Rico.

    B.    <u>ACCESS TO SOURCES OF PROOF</u>

The sources of proof factor is closely aligned to the first factor.  The witnesses, documents and other evidence are not in the District of Columbia but are instead located in Miami, Puerto Rico and New Orleans.  Because there is no source of proof in this jurisdiction, this factor likewise favors transfer.

    C.    <u>AVAILABILITY OF COMPULSORY PROCESS</u>

This Court cannot compel that attendance of the two of the three 3) junior auditors who were originally named as co-Defendants, because they live beyond 100 miles of this

District.    Because neither party could compel the testimony of individuals specifically mentioned in Plaintiff's lawsuit, this factor stands above all others favoring transfer.

     D.    <u>THE COURT'S CALENDAR</u>

According to the Federal Court Management Statistics[1], as of September, 2007, the median time from the filing of a civil suit to trial in this District was 44 months. The median time for the Southern District of Florida was 17.9 months as of the same reporting period. This Court's more congested docket also weighs in favor of transfer to a Court with a less crowded calendar.

     E.    <u>PRACTICAL ASPECTS OF THE CONDUCT OF THE TRIAL</u>

The United States District Court for the Southern District of Florida is a far more practical location to expeditiously and conveniently conduct the trial in the case. It is manifestly impractical to conduct a trial filed by a Puerto Rican corporation against two (2) Florida based Defendants in the District of Columbia.  All parties would be required to travel significant distance for the trial.  Other compelling reasons demonstrate the impracticability of trial in the District of Columbia include the residence of the witnesses and the place where the sources giving rise to the dispute were furnished (New Orleans).

     F.    <u>THE POTENTIAL TRANSFEREE'S FAMILIARITY WITH THE GOVERNING LAW</u>

In this diversity action, the Court that will hear this case will apply the choice of law rules of the transferor court. <u>Ferens v. John Deere Co.</u>, 494 U.S. 516, 110 S. Ct. 1274 (1990). Although the Second Amended Complaint does not recite the location of the negotiations, which were conducted, not in person but by e-mail, it does refer to New Orleans as the place

---

[1] Accessed at <u>www.sucourts.gov/fcmstat/index.html</u>

of performance.   The choice of law principle that applies provides that the "place of contracting standing alone is typically viewed as insignificant…whereas the place of negotiation and performance… should generally control". <u>Helmer v. Doletskaya</u>, 393 F. 3d 201,207 (D.C.Cir. 2004)(internal citations omitted).The only facts as to location specified in the lawsuit focus on New Orleans as the place of performance, tending to suggest that Louisiana law may apply in this case. There is no indication as to either Court's familiarity with Louisiana law. For this reason, this factor stands alone as being neutral as to transfer as opposed to all the other factors favoring transfer.

VI. CONCLUSION

    Defendants ask that this Court grant their motion and transfer the venue of this case to the United States District Court for the Southern District of Florida.

**THE LAW OFFICES OF RONALD S. CANTER, LLC**

 _/s/ Ronald S. Canter_____
Ronald S. Canter, Esquire
Bar No. 321257
11300 Rockville Pike, Suite 1200
Rockville, MD  20852
Telephone:  (301) 770-7490
Fax:  (240) 386-3816
E-Mail:  roncanter@comcast.net

 _/s/ David S. Abrams_____
David S. Abrams, Esquire, Florida Bar No. 884415
Appearing Pursuant to Local Rule 83.2
9400 South Dadeland Blvd., PH-3
Miami, Florida 33156
Telephone: (305) 670-9104
Email: dabrams@abramslaw.cc
Co-Counsel for Defendants

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing notice of Defendant's Memorandum of Law in Support of Motion to Transfer Venue, was served upon the individuals listed below by Electronic Case Filing and First Class Mail, Postage Prepaid on this 15th day of April, 2008 to: Michael J. McManus, Esquire, Attorney for Plaintiff, Drinker Biddle & Reath, LLP, 1500 K Street, N.W., Suite 1100, Washington, DC 20005-1209 and Gerald Antonio Revelo, Esquire, 915 Brockenbraugh Court, Metairie, LA 70005.

  _/s/ Ronald S. Canter_____
Ronald S. Canter, Esquire, Bar No. 321257
David S. Abrams, Esquire, Florida Bar No. 884415
Counsels for Defendants