IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Fuentes-Fernandez & Company, PSC,

                    Plaintiffs,

v.

Caballero & Castellanos, PL, et al.

                    Defendants.

Civil Action No. :
1:07-cv-00846 (RJL)

## PLAINTIFF'S REPLY TO DEFENDANTS' MOTION TO TRANSFER VENUE

Defendants move, pursuant to 28 U.S.C.§ 1404, to transfer this action to the Southern District of Florida. Defendants, however, fail to offer any legitimate support for such a transfer, let alone the amount of support needed to meet the heavy burden required to overturn Plaintiff's choice of forum. Fuentes-Fernandez & Company, PSC, ("**FFC**") respectfully states that this Motion must be denied.

**I.**    **Legal Standards**

Pursuant to 28 U.S.C. § 1404, this Court may transfer the pending case only "for the convenience of parties and witnesses, *in the interest of justice*." (emphasis added). It is up to the movant to demonstrate that the scales of convenience and justice tip in favor of transferring venue and the movant "bear[s] a 'heavy burden' in asking this Court to overturn plaintiffs' choice of forum." *Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Res.*, 196 F. Supp. 2d 21, 35 (D.D.C. 2002).

A motion to transfer venue requires a "factually intensive analysis" and requires the movant to support its motion with affidavits or other evidence demonstrating the

probable testimony of non-resident witnesses, the importance of such testimony, and an unwillingness on the part of those witnesses to travel to this jurisdiction. *Thayer/Patricof Educ. Funding,* 196 F. Supp. 2d at 32-33.

II. <u>**Argument**</u>

   1. *The Current Venue is Proper*

Defendants initially suggest that venue in this district is improper. In support of this assertion, Defendants argue that FFC's Second Amended Complaint refers to a series of emails between the parties, but fails to recount "specific events or transactions between the parties that actually took place in the District of Columbia." Def. Mem. of Law in Support of Mot. to Transfer Venue (the "Motion") at 2. This argument fails in light of the plain language of 28 U.S.C. § 1391 and this Court's recent decision in *McQueen v. Woodstream Corp.*, 244 F.R.D. 26, 31 (D.D.C. 2007).

The general venue provision, 28 USCS § 1391(a)(2), states that venue is proper in any district in which a substantial part of the events giving rise to the claim occurred. "Section 1391(a)(2) 'explicitly recognizes that venue may be proper in more than one district.'" *Id.* at 30 (quoting *Abramoff v. Shake Consulting, LLC*, 288 F. Supp. 2d 1, 4 (D.D.C. 2004)), *McQueen*, 244 F.R.D. at 30. Thus, notwithstanding the fact that other districts might also properly act as the appropriate forum to resolve this matter, venue in this district is proper so long as a substantial part of the events occurred here.

In *McQueen*, this Court stated that "venue is appropriate if there is substantial contact: (1) in the form of communications transmitted to or from the district in which the cause of action was filed; and (2) these communications have a sufficient relationship with the cause of action." 244 F.R.D. at 30-31. *McQueen* involved a situation in which a

Pennsylvania corporation made various phone calls and mailed requests to a D.C. based company and these communications were crucial in pursuing the alleged fraudulent misrepresentation of which Plaintiff complained. The Court therefore determined that "substantial contacts existed in the form of communications transmitted to and from the District of Columbia." *Id.* at 31.

This case is nearly identical. In its Second Amended Complaint, Plaintiff details a series of communications between Plaintiff and Defendants that induced Plaintiff into entering into a contractual agreement with defendants. Those allegations describe how Mr. Castellanos and C&C solicited the services of FFC, and made various representations to FFC, by sending emails to the company which has its principal place of business at 1001 Connecticut Ave, N.W., Suite 300, Washington, D.C. 20036. Sec. Am. Compl. *et seq*. It is these email solicitations that induced FFC to enter into a contract with C&C and established the terms of the contractual agreement. Just as in *McQueen*, venue is proper.

### 2. *Convenience of the Witnesses, Access to Sources of Proof, and Availability of Compulsory Process Are Insufficient to Support Transfer*

The first three "factors" Defendants cite in support of transfer are really a reiteration of a single theme: the three junior auditors hired by FFC to support C&C are residents of Florida, Puerto Rico, and Virginia and thus the "convenience of the parties' witnesses favors transfer."[1] Mot. at 4. This is insufficient to require transfer.

When moving pursuant to 28 U.S.C. § 1404 on the grounds that witness considerations favor a different forum, the movant must demonstrate that the witnesses would be *unwilling* to testify in this Court. *FC Inv. Group LC v. Lichtenstein*, 441 F.

---

[1] Considering that one of the junior auditors lives in Alexandria, Virginia, Miami seems no more "convenient" than the District of Columbia.

Supp. 2d 3, 14 (D.D.C. 2006). "[M]ere inconvenience to the witnesses alone is not enough to warrant transfer." *Id.* (internal citations omitted). The movant must demonstrate – through affidavits or otherwise – what evidence these witnesses have to offer, how important the evidence is, and that the witness will be unwilling to appear in this Court. *Thayer/Patricof Educ. Funding, L.L.C.*, 196 F. Supp. 2d at 33; *FC Inv. Group*, 441 F. Supp. 2d at 14. Defendants' Motion fails in each of those respects.

The passing reference to "sources of proof" is also insufficient to support a change in forum. To succeed on their motion, Defendants are required to point to factors that would cause them extreme hardship in accessing evidence if the case were to remain before this Court. *Thayer/Patricof Educ. Funding, L.L.C.*, 196 F. Supp. 2d at 33. Defendants have made no such showing. Plaintiff knows of no evidence currently warehoused in Puerto Rico and all evidence in Miami is presumably that of Defendants, who are under an obligation to provide that evidence. *See* Fed. R. Civ. P. 33 and 34. And while it is true that potentially some evidence exists in New Orleans, it is unclear how the Southern District of Florida is a better forum from which to obtain that evidence.

### 3.   *The Court's Calendar*

Although Defendants' citation to the median statistics of the District of Columbia and Southern District of Florida show that cases in the Southern District of Florida proceed more quickly, that court's calendar is significantly more crowded. Judicial Caseload Profile Report, http://www.uscourts.gov/cgi-bin/cmsd2007.pl (last visited April 16, 2008). In any case, these statistics alone do not counsel in favor of transferring venue, especially at this late day in the proceedings.

### 4. *"Practical" Considerations*

Finally, Defendants summarily state that it would be far more practical to try the case in the Southern District of Florida because the case involves a Puerto Rican Corporation and two Florida-based defendants. Mot. at 5. As stated in the Second Amended Complaint, however, FFC's principal place of business is in the District of Columbia. Sec. Am. Compl. at ¶ 1. And while it may be somewhat burdensome for Defendants to defend litigation in the District of Columbia, "'defendant[s] should have considered that possibility before [they] chose to do business in Washington, D.C.'" *Thayer/Patricof Educ. Funding*, 196 F. Supp. 2d at 35 (quoting *Sheraton Operating Corp. v. Just Corporate Travel*, 984 F. Supp. 22, 26-27 (D.D.C. 1997)). "The plaintiff's choice of a forum is 'a paramount consideration' in any determination of a transfer request." *Id.* at 31. It should not be disturbed merely because Defendants wish it so.

## III. Conclusion

Defendants have not come forward with any evidence sufficient to tip the scales in favor of transferring venue. FFC respectfully asks this Court to deny the Motion.

Dated: April 16, 2008

By: /s/ Michael J. McManus
Michael J. McManus (D.C. Bar No. 263832)
Joaquin A. Marquez (D.C. Bar No. 158691)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone:   202-842-8800
Fax:              202-842-8465
Email:          Michael.McManus@dbr.com
                    Joaquin.Marquez@dbr.com

*Attorneys for Fuentes-Fernandez & Company, PSC and Joseph Fuentes*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 16th day of April, 2008, a copy of the above and forgoing **Plaintiff's Reply to Defendants' Motion to Transfer Venue** was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

                                                                             _____
                                                                                     Michael J. McManus