IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Fuentes-Fernandez & Company, PSC;<br><br>                    Plaintiff,<br>v.<br><br>Cabellero & Castellanos, PL; and Elias Castellanos<br>                    Defendants. | CIVIL NO. 1:07-cv-00846 (RJL) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S REPLY TO MOTION TO TRANSFER VENUE**

I.   THE FACT THAT DEFENDANTS SENT E-MAILS TO THE PLAINTIFF, WHOSE PRINCIPAL PLACE OF BUSINESS IS IN THE DISTRICT OF COLUMBIA, IS INSUFFICIENT TO ESTABLISH THAT A SUBSTANTIAL PART OF THE EVENTS GIVING RISE TO THE LAWSUIT OCCURRED IN THIS JURISDICTION

Plaintiff's opposition to the motion to transfer venue suggests that a substantial part of the events giving rise to this lawsuit occurred in the District of Columbia. Their argument is premised on the assertion that Defendants "solicited the services of FCC, and made various representations to FCC by sending emails to the company, which has its principal place of business in the District of Columbia." (Docket Entry [DE] 35 at p.3). The record in this case belies this contention. All but one of the e-mails upon which the Plaintiff relies to support its claim that venue is proper were not actually received by the Plaintiff's representatives in the District of Columbia. Instead, the initial communications leading to the hiring the three (3) junior auditors were conducted through e-mails received by Joey Fuentes, Plaintiff representative, when he was in Dubrovnik, Croatia. (DE 1 at pgs. 13 through 17). Mr. Fuentes responded to the Defendants' e-mail of June 18, 2006 requesting junior auditors to be paid at the rate of $45.00 per hour mail, explaining that his absence from the country

1

may delay his timely response. ("I wish I could be of more help from where I am Dubrovnik . . . I have more that I could forward to you once I am back in D.C. (on June 26)". (DE 1 at p. 13). Notwithstanding his claimed inability to provide the requested help from overseas, Fuentes replied the next day by sending the resumes of three junior auditors who "can be on-site next Monday" (DE 1 at p.15), This e-mail exchange culminated in an agreement, the aftermath of which forms the basis of the Plaintiff's lawsuit. This sequence of events is consistent with the affidavit of Defendant Elias Castellanos that neither he nor the Defendant accounting firm engaged in any discussions with the Plaintiff in connection with this matter in the District of Columbia. (DE 36).

As to the lawsuit, Plaintiff complains that despite furnishing junior auditors to the Housing Authority of New Orleans, Defendants failed to timely pay for the auditors' services. (Second Amended Complaint ¶ 32, 36). In this regard, it is undisputed that this claim arises based on an agreement made outside of the District of Columbia through e-mails between the Defendant in Florida and the Plaintiff in Croatia. The fact that Plaintiff may have its principal place of business in the District of Columbia is therefore insufficient, in and of itself, to confer venue in this jurisdiction. Moreover, when the Plaintiff wrote to the Defendant on January 26, 2007, complaining of an alleged "unilateral" termination of the contract and threatening litigation, the letterhead used lists the Plaintiff's address in San Juan, Puerto Rico (DE 1 at p. 35)

The case relied upon by the Plaintiff, McQueen v. Woodstream Stream Corporation, 244 F.R.D. 26 (D.C. 2007)[1] involved a series of contacts initiated by employees of the

---

[1] In McQueen, the Court sua sponte raised the issue of venue, 244 F.R.D. at 28. The fact that the Defendant in McQueen did not challenge venue when moving to dismiss or alternatively for a more definite statement should have operated as a waiver of an objection to venue, as it is "elementary that a defense of improper venue…(as opposed to subject matter) jurisdiction is waived unless the defense is asserted by a pre-answer motion." Chatman-

2

Defendant corporation with the Plaintiff's company that included numerous telephone calls into the Plaintiff's Washington, D.C. office.  Those calls were the basis of alleged misrepresentations upon which the underlying lawsuit was premised.  In the present case, the e-mails giving rise to the agreement to use the junior auditors were received and responded to by Mr. Fuentes in Croatia. Even if some of the e-mails were later accessed in the District of Columbia, this fact is insufficient to establish that a substantial portion of the events arose in this district.  See, TJF Associates, LLC v. Kenneth J. Rothman and Allianex, LLC, 2005 WL 1458753*7 (E.D. Pa. 2005) (venue not proper in Pennsylvania based on e-mail messages directed into Pennsylvania in connection with the negotiation of an agreement where alleged breach occurred outside of Pennsylvania).

II.    THE CONVENIENCE OF THE PARTIES' WITNESSES FAVOR TRANSFER

Plaintiff's Second Amended Complaint makes a claim for tortuous interference with contractual relationships based on the claim that after Defendants allegedly breach the agreement, they hired the three (3) junior auditors who earlier worked for the Plaintiff. (Second Amended Complaint, ¶ 49).  These three (3) junior auditors who were earlier named as Defendants but dismissed from the suit are undoubtedly critical witnesses.  At the Status Conference on April 16, 2008, Plaintiff's counsel suggested that the convenience of witnesses factor weighing in favor of transfer would be diminished because the junior auditors were being deposed in Miami and New Orleans and that Defendants would have the opportunity during the depositions to elicit the testimony needed for trial.  The fact that pre-trial depositions are being taken is not a sufficient reason to deny transfer because where "testimony appears to be tangential to the central issues of this case, there is a preference for live testimony from witnesses with personal knowledge rather than from written

Bey-Thornburgh, 864 F.2d 804, 813 (D.C. Cir. 1988).

depositions." <u>Pyrocap Intern. Corp. v. Ford Motor Company</u>, 259 F.Supp. 2d 92, 98 (D.D.C. 2003).

III.   PLAINTIFF'S ARGUMENT THAT OTHER FACTORS WEIGH AGAINST THE TRANSFER ARE NOT SUPPORTED BY THE RECORD

Plaintiffs have categorized the factors relating to the convenience of witnesses, access to proof and availability of compulsory process as "reiteration of a single theme" (DE 35 p.3). As set forth in Part II, supra, this factor weighs in favor of transfer.

Plaintiffs further argue that the congestion of this Court's calendar does not favor transfer based on the timing of the filing of the motion to transfer. (DE 35 at p.4). This argument overlooks the fact that the motion was filed only one (1) month after Defendants answered the Second Amended Complaint and that the earlier filed original and First Amended Complaint were withdrawn by stipulation. Additionally, the fact that the Plaintiff's principal place of business is in the District of Columbia does not establish practical considerations that would operate to deny the transfer given that the parties did not engage in business in the District of Columbia as evidenced by the e-mails appended to Plaintiff's original complaint (DE 1 at pgs. 13 through 17)

IV.   CONCLUSION

For the reasons set forth herein, this Honorable Court should transfer this case to the United States District Court for the Southern District of Florida.

**THE LAW OFFICES OF RONALD S. CANTER, LLC**

 /s/ Ronald S. Canter
Ronald S. Canter, Esquire
Bar No. 321257
11300 Rockville Pike, Suite 1200
Rockville, MD  20852
Telephone:  (301) 770-7490
Fax:  (240) 386-3816
E-Mail:  roncanter@comcast.net

 /s/ David S. Abrams
David S. Abrams, Esquire, Florida Bar No. 884415
Appearing Pursuant to Local Rule 83.2
9400 South Dadeland Blvd., PH-3
Miami, Florida 33156
Telephone: (305) 670-9104
Email: dabrams@abramslaw.cc
Co-Counsel for Defendants

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing notice of Defendants' Response to Plaintiff's Reply to Motion to Transfer Venue, was served upon the individuals listed below by Electronic Case Filing and First Class Mail, Postage Prepaid on this 24th day of April, 2008 to:  Michael J. McManus, Esquire, Attorney for Plaintiff, Drinker Biddle & Reath, LLP, 1500 K Street, N.W., Suite 1100, Washington, DC  20005-1209 and Gerald Antonio Revelo, Esquire, 915 Brockenbraugh Court, Metairie, LA 70005.

 /s/ Ronald S. Canter
Ronald S. Canter, Esquire, Bar No. 321257
David S. Abrams, Esquire, Florida Bar No. 884415
Counsels for Defendants