IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Fuentes-Fernandez & Company, PSC,<br><br>                     Plaintiff,<br><br>      v.<br><br>Caballero & Castellanos, PL, et al.<br><br>                     Defendants. | Civil Action No. :<br>1:07-cv-00846 (RJL) |

**PLAINTIFF'S SUR-REPLY TO
DEFENDANTS' MOTION TO TRANSFER VENUE**

      Mr. Castellanos's affidavit failed to address the factors that a movant must demonstrate in order to meet the heavy burden necessary to justify overturning Plaintiff's choice of venue. Accordingly, the Motion to Transfer Venue should be denied.

**I.**     **Defendants Failed To Meet Their Burden of
Demonstrating that a Transfer of Venue is Appropriate.**

      "Defendants bear a 'heavy burden' in asking this Court to overturn plaintiffs' choice of forum." *Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Res.*, 196 F. Supp. 2d 21, 35 (D.D.C. 2002). Here, Defendants' venue argument rests primarily on the unsupported premise that two of the junior account auditors who are not located within the subpoena power of this Court would be unwilling to testify in the District of Columbia. However, Defendants have produced no affidavits to that effect and have produced no evidence that these witnesses, who are employees of C&C, will not appear. *See Id.* at 33. In fact, they have already been deposed and have been questioned by Defendants' counsel who was present at the deposition. It simply does not stand to

reason that the consideration of these witnesses weighs in favor of transferring venue, and such action, coming on a motion filed nearly a year after the cause was filed, would be unfair to Plaintiff.

Moreover, concentrating solely on these two junior auditors, Defendants have ignored other potentially significant witnesses. For instance, National Technologies, Inc. ("NTI"), the company that preceded Caballeros & Castellanos as prime contractor on the HANO project, may have relevant evidence. In fact, defendants claim that NTI is "an indispensable party." Ans. to Sec. Am. Compl. at ¶ 10.[1] According to its website, NTI is located at 2010 Corporate Ridge, Suite 700, McLean, Virginia 22102, well outside the subpoena power of the Southern District of Florida, but within that of the District of Columbia. NTI – National Technologies, Inc., http://www.nt-i.com/index.php (last visited April 29, 2008). Other witnesses may also include employees of the U.S. Department of Housing and Urban Development who will likewise be located locally.

Finally, Defendants' argument that the relevant events occurred only during the short period that Mr. Fuentes was in Dubrovnik, Croatia, ignores the fact that, in that same email cited by Defendants, Mr. Fuentes listed his contact information as Washington, D.C., stated that he would be better able to properly assist C&C when he returned to the District of Columbia in little more than a week, and then continued providing services to C&C and came to a long-term agreement with C&C after his return.

## II. Defendant Elias Castellanos's Affidavit is **Insufficient to Support Plaintiff's Motion.**

Elias Castallenos's affidavit is irrelevant to the issues surrounding Defendants' motion. Defendants were required to come forward with evidence addressing the

---

[1] Plaintiff disagrees that NTI is an indispensable party, but agrees that NTI may have relevant evidence.

potential difficulties in compelling important witnesses to offer testimony before this Court, but they failed to do so.

It is notable that Mr. Castellanos does not dispute any of the statements in Mr. Fuentes's Response. He does not state that he never called or sent emails to Fuentes Fernandez & Company's offices in Washington, D.C., nor does he claim that he did not know that FFC had its principal offices in the District of Columbia. Instead, Mr. Castellanos's testimony only states that C&C does not maintain an office in D.C. and does not seek to service customers in D.C. These issues are irrelevant to C&C's solicitation of FFC – a D.C.-based company – as a subcontractor.

### III.   Conclusion

Defendants have not come forward with any evidence sufficient to tip the scales in favor of transferring venue. FFC respectfully asks this Court to deny the Motion.

Dated:  April 29, 2008

By: _____
Michael J. McManus (D.C. Bar No. 263832)
Joaquin A. Marquez (D.C. Bar No. 158691)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone:   202-842-8800
Fax:              202-842-8465
Email:          Michael.McManus@dbr.com
                    Joaquin.Marquez@dbr.com

*Attorneys for*
*Fuentes-Fernandez & Company, PSC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2008, a copy of the above and forgoing **Plaintiff's Sur-Reply to Defendants' Motion to Transfer Venue** was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

_____
Michael J. McManus