## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Fuentes-Fernandez & Company, PSC, et al.    )
                                                      )
             Plaintiffs,                    )
                                                      )
                v.                         )     Civil Action No:
                                                      )     1:07-cv-00846 (RJL)
Caballero & Castellanos, PL, et al.        )
                                                      )
             Defendants.                 )
_____)

## RENEWED MOTION OF PLAINTIFF FUENTES-FERNANDEZ & COMPANY, PSC TO COMPEL DEFENDANT CABALLEROS & CASTELLANOS, PL TO RESPOND TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS AND PLAINTIFF'S SECOND SET OF DOCUMENT REQUESTS

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff, Fuentes-Fernandez &

Company, PSC ("**FFC**" or "Plaintiff"), by counsel, renews its April 15, 2008 motion to compel

Defendant Caballeros & Castellanos, PL ("**C&C**" or "Defendant") to respond to FFC's First Set

of Interrogatories and First Set of Document Requests, and further moves to compel C&C's

response to FFC's Second Set of Document Requests. FFC respectfully requests that the Court

enter an Order compelling C&C to respond to FFC's discovery requests no later than June 30,

2008, finding that all objections to the interrogatories and document requests are waived, and

holding discovery open until five (5) days after FFC receives Defendant's responses. Finally,

FFC requests that the Court order Defendant to pay FFC's reasonable expenses incurred in

making this motion, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5)(A). In

support thereof FFC submits the accompanying memorandum.

Respectfully submitted,

By: _____ /s/ _____
    Michael J. McManus (D.C. Bar No. 263832)
    Joaquin A. Marquez (D.C. Bar No. 128691)
    DRINKER BIDDLE & REATH LLP
    1500 K Street, N.W., Suite 1100
    Washington, D.C. 20005-1209
    Telephone:    202-842-8800
    Fax:    202-842-8465
    Email:    Michael.McManus@dbr.com
        Joaquin.Marquez@dbr.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Fuentes-Fernandez & Company, PSC, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No: |
| | ) | 1:07-cv-00846 (RJL) |
| Caballero & Castellanos, PL, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF RENEWED MOTION OF PLAINTIFF**
**FUENTES-FERNANDEZ & COMPANY, PSC TO COMPEL DEFENDANT**
**CABALLEROS & CASTELLANOS, PL TO RESPOND TO PLAINTIFF'S**
**FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS**
**AND PLAINTIFF'S SECOND SET OF DOCUMENT REQUESTS**

**I.    Introduction**

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff Fuentes-Fernandez & Company,

PSC ("**FFC**" or "Plaintiff"), by counsel, renews its motion to compel Defendant Caballeros &

Castellanos, PL[1] ("**C&C**" or "Defendant") to respond to FFC's First Set of Interrogatories

(attached as Exhibit A) and First Set of Document Requests (attached as Exhibit B), and further

moves to compel C&C's response to FFC's Second Set of Document Requests (attached as

Exhibit C).  FCC respectfully asks this Court to rule that all objections to the interrogatories and

document requests are waived and to hold discovery open until five (5) days after FFC receives

Defendant's responses.[2]  Finally, FFC requests that the Court order Defendant to pay FFC's

reasonable expenses incurred in making this motion, including attorney's fees, pursuant to Fed.

---

[1] Counsel for Defendants has represented that there is no difference between the documents in the possession of Defendant Castallanos and those in the possession of Defendant C&C.  Accordingly, Plaintiff's Motion and its Second Set of Document Requests refer only to C&C.  To the extent that counsel's representation was inaccurate, Plaintiff's requests should be read to include documents in the possession of both Defendants.
[2] Defendant's counsel made repeated assurances that it would respond fully to Plaintiff's discovery request, which delayed the filing of this Motion.

R. Civ. P. 37(a)(5)(A).  In support thereof FFC states as follows:

The facts relevant to this Motion through April 15, 2008, are recited in FFC's first Motion to Compel, and FFC respectfully refers this Court to that motion for the recitation of those facts.

Subsequent to the filing of FCC's first motion to compel, on April 30, 2008, FFC served C&C with its Second Set of Document Requests.  Plaintiff requested that these documents be produced by May 30, 2008.  On May 20, 2008 counsel for FFC, Mr. Sosnowsky, sent an e-mail to counsel for Defendant, Mr. Abrams, regarding a conversation that they had addressing Plaintiff's outstanding discovery.  (Exhibit D, E-mail from Mr. Sosnowsky to Mr. Abrams, May 20, 2008.)  In that e-mail, Mr. Sosnowsky observed that C&C had still not provided numerous categories of documents, including (1) documents evidencing the employment of multiple individuals identified in Plaintiff's Document Request No. 33; (2) documents regarding the payment of these individuals; and (3) Defendant's general ledger entries reflecting payments made to or from C&C during the relevant period.  Mr. Sosnowsky noted that, in response to Mr. Abrams "concern" that this third request might yield confidential documents that would not be relevant to this case, Plaintiff was willing to narrow its request to documents showing "any payments relating to the contracts or services to HANO."[3]  (Ex. D.)

On June 11, 2008, Defendant sent a set of documents to FFC in response to the pending document requests.  On June 18, 2008, after reviewing the documents provided by C&C, Mr. Sosnowsky informed Mr. Abrams that the documents "fail[ed] to fully respond to the requests that we have issued."  (Ex. E, Letter from Mr. Sosnowsky to Mr. Abrams, June 18, 2008.)  Plaintiff noted several specific deficiencies in Defendant's production, including its failure to

---

[3] Plaintiff agreed to narrow its request in an effort to expedite discovery despite its belief that its original discovery request was proper.  In light of Defendant's continuous delays, FFC asks that the Court order C&C to fully respond to Plaintiff's original request for Defendant's ledger entries.

address the categories of documents discussed in Mr. Sosnowsky's May 20, 2008 e-mail. Plaintiff requested that C&C provide all documents responsive to its requests by June 23, 2008.

To date, Defendant has not responded to Plaintiff's June 18, 2008 letter, served objections to Plaintiff's discovery, or supplemented its document production to compensate for its numerous deficiencies. Furthermore, Defendant has still not responded to any of FFC's pending interrogatories.[4]

## II.    <u>Argument</u>

### A.    *This Court Should Enter An Order Compelling Discovery*

Fed. R. Civ. P. 33(b)(2) states with regard to interrogatories that "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." The federal rules have a similar provision with respect to document requests that states, "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). Rule 37 provides that this Court may compel a discovery response when a party fails to respond to interrogatories or document requests. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

### B.    *This Court Should Deem All Objections Waived*

A party's failure to timely object to an interrogatory constitutes a waiver, unless the Court, for good cause, excuses the failure. Fed. R. Civ. Proc. 33(b)(4). "The same principle applies to written document requests under Rule 34(b) of the Federal Rules of Civil Procedure." *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999). Without the requested information, FFC is hampered in its ability to obtain basic information needed to prepare its case. All of the information that FFC seeks is relevant to this case, and Plaintiff's discovery requests are

---

[4]  The undersigned again certifies that counsel for the movant has in good faith conferred with counsel for C&C in an effort to obtain discovery without court action.

"reasonable calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Defendant has failed to render timely objections to Plaintiff's discovery and should be required to fully and completely answer all interrogatories and document requests without further delay occasioned by negotiations and disputes regarding objections.

**C.     *The Court Should Award FCC Its Reasonable Expenses Incurred In Making This Motion***

Fed. R. Civ. P. 37(a)(5)(A) provides that a party that has obtained an order compelling discovery is entitled to its "reasonable expenses incurred in making the motion, including attorney's fees," absent specific enumerated circumstances not presented in this case. As detailed above, Defendant's failure to respond to FFC's interrogatories and document requests has forced Plaintiff to file two motions to compel. Defendant failed to serve timely objections to Plaintiff's discovery and has provided no reason for its failure to respond. This Court has routinely granted discovery sanctions pursuant to the provisions of Rule 37 in response to similar dilatory discovery conduct. *See, e.g.*, *Walls v. Paulson*, No. 03-0186, 2008 U.S. Dist. LEXIS 41119, *21-24 (D.D.C. May 27, 2008) (awarding defendant its reasonable attorney's fees and costs associated with its second motion for sanctions resulting from plaintiff's untimely and incomplete responses to interrogatories and document requests); *Am. Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, No. 03-2006, 2007 U.S. Dist. LEXIS 12897, *7-11 (D.D.C. Feb. 26, 2007) (granting plaintiff's reasonable expenses incurred in filing its motion to compel defendant's response to document requests); *In re: Vitamins Antitrust Litig.*, No. 99-197, 2002 U.S. Dist. LEXIS 25799, *24-26 (D.D.C. Jan. 15, 2002) (affirming and adopting the special master's award of reasonable attorney's fees and costs pursuant to Rule 37(a)).

**II.     Conclusion**

For the reasons stated above, this Court should grant Plaintiff's Renewed Motion to Compel, require Defendant to answer fully and completely all interrogatories and provide all responsive documents, deem all objections thereto waived, and award Plaintiff its reasonable attorney's fees and costs associated with the filing of this Motion.

Respectfully submitted,

By: _____/s/_____
    Michael J. McManus (D.C. Bar No. 263832)
    Joaquin A. Marquez (D.C. Bar No. 128691)
    DRINKER BIDDLE & REATH LLP
    1500 K Street, N.W., Suite 1100
    Washington, D.C. 20005-1209
    Telephone:    202-842-8800
    Fax:          202-842-8465
    Email:        Michael.McManus@dbr.com
                  Joaquin.Marquez@dbr.com

*Attorneys for Fuentes-Fernandez & Company, PSC*

Dated: June 25, 2008

# EXHIBTI A

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

Fuentes-Fernandez & Company, PSC, et. al.

    Plaintiffs,

   v.

Caballero & Castellanos, PL, et al.

    Defendants.

Civil Action No. :
1:07-cv-00846 (RJL)

### PLAINTIFF FUENTES-FERNANDEZ & COMPANY, PSC'S
### FIRST SET OF INTERROGATORIES DIRECTED TO
### DEFENDANT CABALLERO & CASTELLANOS, PL

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the following General Instructions and Definitions, Plaintiff, Fuentes-Fernandez & Company, PSC; ("FFC") requests that Defendant Caballero & Castellanos, PL (hereinafter "CC" or "You") respond to the following interrogatories within thirty (30) days from the date of service.

### GENERAL INSTRUCTIONS

1.  Each interrogatory is to be answered as fully and responsively as possible in the space following the question or on a separate page if necessary. The fact that investigation is continuing or that discovery is not complete is not an excuse for failing to provide as much of an answer as is currently possible.

2.  In answering these interrogatories, you must make a diligent search of your records, papers, and material in your possession, custody or control or otherwise available to you and furnish all information available to you subject to your reasonable inquiry. If there is no information responsive to a particular interrogatory, state so in writing. You are to furnish all

DC\625073\1

such information as it is available to you, not merely such information as is within your own knowledge. This means you are to furnish information which is known by or in the possession or control of your representatives or agents, including but not limited to, Elias Castellanos, and all others subject to your direction or control, whether obtained through first-hand knowledge or inquiry. You may not give lack of information or knowledge as a reason for failure to answer an interrogatory, unless you state that you made a reasonable inquiry and that the information known or readily obtainable is insufficient to enable an admission or denial. You must, moreover, designate what area is not within your personal knowledge, and state the name and address of each and every person from whom a response could be obtained, or, if the source of information is documentary in nature, a full description of the document(s), including its location.

      3.     If you object to any interrogatory, you must set forth in detail the legal and/or factual basis for the objection, and you must furnish a response to all other parts of the interrogatory to which there is no objection.

      4.     The answers to all interrogatories relating to a non-written communication shall set forth: whether or not the non-written communication was by telephone or face-to-face, the names, current addresses, business positions and occupations of the parties involved in the non-written communication, and the names and addresses of any other persons present during the non-written communication.

      5.     When these interrogatories ask you to identify a document, or when a document provides an answer or partial answer to an interrogatory, you must state the type of document, its title, date, author, recipients (if any) and present location or custodian, and you must identify the portion of the document which is responsive or partially responsive. If you

maintain that such document is not in your possession, control, or currently in existence, state: what disposition was made of it; when and where such disposition took place; the identity of the person(s) who ordered, authorized, or performed such disposition; the type of document; the identity of the person with knowledge of its contents; and the location of any copies.

     6.    If you object to the production of any information or portion thereof sought by these interrogatories as privileged or otherwise protected from discovery, you must identify the privilege or protection asserted; the person asserting the privilege or protection; and the information sought to be withheld, including without limitation,

        (a)    In the case of a document, the author and/or signatory of the document; the date of the document; the addressee(s) and the general subject matter of the document; and

        (b)    In the case of a communication, identify the participants in the communication; the date of the communication; and the general subject matter of the communication.

     7.    If, in responding to any interrogatory, you encounter what you perceive is an ambiguity, set forth the matter viewed as ambiguous and the construction that you used in responding.

     8.    In accordance with Rule 26(e)(1) of the Federal Rules of Civil Procedure, these interrogatories are continuing in nature and you are to supplement your responses as required by the Rule.

## DEFINITIONS

     1.    "You," "your," or "defendant." "You," "your," or "defendant" means CC and its predecessors and successors, and each of its current or former employees, principals, or agents, including Elias Castellanos, as well as any attorney of CC.

     2.    "All and any." The word "all" shall be construed as "any and all," and the word "any" shall be construed as "any and all."

3.    The singular form of a word shall be construed to include the plural and vice versa so as to include any documents that might otherwise be considered to be beyond the scope of a particular document request.

4.    The past tense includes the present tense when the meaning is not distorted by a change in tense.

5.    "Documents." The word "documents" is used in the broadest possible sense and shall include, by way of illustration only and not by way of limitation, any and all writings (whether handwritten, typed, printed, or otherwise made), drawings, graphs, charts, photographs (negatives or prints), phono-records, electronic or mechanical matter (including microfilm of any kind or nature, tape recordings, computer data, hard drive or disc) and any other data compilations from which information can be obtained and translated, and shall include, without limiting the generality of the foregoing, originals, drafts and non-identical copies of all papers, correspondence, telegrams, teletypes, electronically-transmitted facsimile documents, agreements, contracts, purchase orders, records, licenses, statements, studies, reports, tables, charts, graphs, drawings, indices, surveys, quotations, memoranda, inter- and intra-office communications, electronic mail (e-mail), websites, reports, recordings, minutes, journal entries, notes and notations, calendars and date books, diaries, logs, expense reports, bills, invoices, manuals, summaries, opinions, analyses, evaluations, agendas, schedules, books, catalogs, accounts, ledgers, transcripts, pamphlets, brochures, videotapes, budgets, financial statements, forecasts, projections, loans, promissory notes, cancelled checks, pro formas, forms 10-K, forms 10-Q, SEC filings, loan applications, tax returns, information stored in computers or other data storage or processing equipment and all other writings or papers of any kind. As used, "documents" refers to the original, all drafts, and non-identical copies.

6.     "Person." The word "person" means any natural person, legal person, cooperation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission or other such entity.

7.     "Identification" or "identity." "Identification" or "identify," requires, with respect to a person, that you set forth:  (a) his, her, or its full name; (b) the last known home and business address and telephone number of a natural person, or the principal business or other address of any other person; (c) in the case of natural persons, the name and address of his or her employer at all times within the period to which these Interrogatories refer; and (d) in the case of natural persons, each job title, job description, or job classification applicable to his or her employment at all times relevant to this litigation.

With respect to a document, "identification" or "identify" requires that you set forth:  (a) a brief statement of the general nature of its contents; (b) the identity of the person who prepared the document; (c) the place where the document was prepared; (d) the date of preparation; (e) if the document was directed to another person, the identity of all persons who were sent copies of the document or who indicated on the face of the document as recipients; (f) the identify of the person or persons presently in possession of the original and/or any copies.

With respect to a communication, "identification" or "identify," requires you to state: (a) the date, type, mode, and location of the communication; (b) the identity of all parties to the communication; (c) the substance of the communication; and a description of any documents reflecting or in any way relating to the communication.

10.     "Communication." The term "communication" means the transfer of information, ideas, opinions or thoughts by any means, whether oral, written, electronic or other, from or to any person.

11.    "Describe in detail," "state each and every basis," "state all facts."  The phrases "describe in detail," "state each and every basis," "state all facts" requires that you state with specificity any and all facts known to you that support the allegation or contention in question or that let you make the allegation or contention, identify any and all persons with knowledge of the allegation or contention, and identify any and all documents concerning the facts identified.

12.    "And" and "or."  The words "and" and "or" shall be construed either conjunctively or disjunctively so as to include any information that might otherwise be considered to be beyond the scope of a particular interrogatory.

14.    "Relating," "referring," "reflecting," "relate," "refer," and "reflect."  The terms "relating," "referring," "reflecting," "relate," "refer," and "reflect" mean documents or information that support, constitute, form the basis of, memorialize or evidence the information otherwise described or requested.  These terms shall be construed in the broadest sense and include, but are not limited to, concerning, describing, defining, discussing, evidencing, embodying, illustrating, mentioning, regarding, containing, having any relationship to, evidencing or constituting evidence of, whether directly or indirectly, or in whole or in part, or pertaining to in any way.

13.    "Concerning."  The word "concerning" shall mean concerning, constituting, containing, commenting on, dealing with, describing, discussing, embodying, evidencing, illustrating, pertaining to, referring to, reflecting, relating to, responding to, stating or supporting in any way, directly or indirectly.

14.    "Complaint."  "Complaint" means the Complaint filed in this action.

15.     "Request for Proposal 06-742-06-07." "Request for Proposal 06-742-06-07" is the Request for Proposals for Financial Operations Recovery Services prepared by the Housing Authority of New Orleans (hereinafter "HANO").

16.     "Contract No. 06-742-06-07" or the **"HANO Contract."** "Contract No. 06-742-06-07" or the **"HANO Contract"** is the contract between HANO and CC for Financial Operations Recovery Services dated on or about September 15th 2006.

17.     The **"FFC Contract."** The **"FFC Contract"** refers to the agreement between FFC and CC, by which FFC agreed to provide subcontracting services in support of the HANO Contract.

## INTERROGATORIES

1.     If you intend to rely upon any admissions that you contend were made by FFC, identify each such admission and/or the oral or written communication in which it was made.

RESPONSE:

2.     Identify any and all persons who have provided any information on which you have relied in answering these Interrogatories and describe the information each such person has provided.

RESPONSE:

3.     Identify each and every person whom you believe has knowledge or information relating to any allegation, claim, or defense in this case or any relevant fact, and with respect to each individual identify and describe in detail the relevant facts within his or her knowledge and disclose whether you intend on calling him or her at trial.

RESPONSE:

4.     Describe in detail any and all discussions, communications, or contacts CC or anyone on its behalf had to, from, or with HANO, or anyone on its behalf, regarding, referring to, or relating to FFC, any of the events referred to in the Complaint, or any defenses you intend on asserting, and/or any and all attempted discussions, communications, or contacts.

RESPONSE:

5.     Describe in detail any and all discussions, communications, or contacts CC or anyone on its behalf had to, from, or with National Technologies Inc. ("NTI"), or anyone on its behalf, regarding, referring to, or relating to FFC, any of the events referred to in the Complaint, or any defenses you intend on asserting, and/or any and all attempted discussions, communications, or contacts.

RESPONSE:

DC\625073\1                                          8

6.     Describe in detail any and all discussions, communications, or contacts CC or anyone on its behalf had to, from, or with HANO, or anyone on its behalf, regarding, referring to, or relating to CC's bid on Request for Proposal 06-742-06-07.

RESPONSE:

7.     Describe in detail any and all discussions, communications, or contacts between CC and any person, including, but not limited to, any current or former CC employee, current or former FFC employee, vendor, supplier, expert, or specialist, regarding, referring to, or relating to FFC, any of the events referred to in the Complaint, or any defenses you intend on asserting.

RESPONSE:

8.     Identify each individual who participated in negotiating the **HANO Contract** and describe in detail each person's role.

RESPONSE:

9.     Identify each individual who participated in negotiating the **FFC Contract** and describe in detail each person's role.

RESPONSE:

10.    Identify each person who was involved in the paying FFC, and describe in detail each person's role in paying FFC.  Please indicate whether the identified persons are current or former employees, independent contractors, or other third parties.

RESPONSE:



11.    Identify each person who was involved in the decision to terminate FFC, and describe in detail each person's role in terminating FFC.  Please indicate whether the identified persons are current or former employees, independent contractors, or other third parties.

RESPONSE:



12.    Describe in detail any and all difficulties CC had in paying FFC and describe in detail the reasons for those difficulties.

RESPONSE:



13.    Identify and describe in detail any and all disputes that arose between CC and FFC during the performance of the **FFC Contract**, including but not limited to disputes over payment, quality of services rendered, costs, expenses, open invoices, or employees and describe in detail any and all efforts taken by the parties to resolve any of these disputes.

RESPONSE:

By: _____

Michael J. McManus (D.C. Bar No. 263832)
Joaquin A. Marquez (D.C. Bar No. 158691)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone:    202-842-8800
Fax:          202-842-8465
Email:        Michael.McManus@dbr.com
              Joaquin.Marquez@dbr.com

*Attorneys for Fuentes-Fernandez & Company, PSC
and Joseph Fuentes*

Dated:  December 28, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff Fuentes-Fernandez

& Company, PSC's First Set Of Interrogatories Directed To Defendant Caballero & Castellanos,

PL was served by express delivery, postage prepaid, on this 28th day of December, 2007, on the

following:

Gerald Antonio Rovelo
915 Brockenbraugh Court
Metairie, LA 70005-1603

*Counsel for Defendant Caballero & Castellanos, PL.,*
*Orlando Rodriguez, Jonathan Cruz, and Juana Rivera.*

Mark H. M. Sosnowsky

DC\625073\1

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Fuentes-Fernandez & Company, PSC, et. al.

        Plaintiffs,

        v.

Caballero & Castellanos, PL, et al.

        Defendants.

Civil Action No. :
1:07-cv-00846 (RJL)

## PLAINTIFF FUENTES-FERNANDEZ & COMPANY, PSC'S
## FIRST SET OF REQUESTS FOR DOCUMENTS TO
## DEFENDANT CABALLERO & CASTELLANOS, PL

Plaintiff, Fuentes-Fernandez & Company, PSC; ("FFC"), by counsel, pursuant to Federal

Rule of Civil Procedure 34, requests that Defendant Caballero & Castellanos, PL (hereinafter

"CC" or "You"), produce and permit the inspection and copying of the following described

documents in its possession, custody, or control (including non-privileged documents in the

possession, custody or control of counsel) at 9:00 a.m. on January 28, 2008, at the offices of

Drinker Biddle & Reath LLP, 1500 K Street, N.W., Washington, D.C. 20005.

## GENERAL INSTRUCTIONS

1.    In responding to this Request for Documents, you must provide all

documents that are in your possession, custody, or control. You must make a diligent search of

your records, papers, and material in your possession, custody, or control or otherwise available

to you and furnish all available documents. If you maintain that any particular document is not

accessible to you, in your possession, under your control, or currently in existence, state what

disposition was made of it; when and where such disposition took place; the identity of the

person or persons who ordered, authorized, or performed such disposition; the type of document;

the identity of the person with knowledge of its contents; the location of any copies, and describe

in detail the contents of the documents.

      2.      Documents are to be produced separately in response to each request as

they are kept in the usual course of business or should be organized and labeled to correspond to

the Request to which they are responsive.

      3.      If, in responding to this subpoena, you encounter any ambiguity in

construing either the request or a definition or instruction pertaining to the request, set forth the

matter deemed ambiguous and the construction that you used in responding.

      4.      If you decline to produce any document or portion thereof by claiming that

the document contains information that is privileged, describe in detail the nature of, and all

grounds for, the privilege or protection claimed, the nature of the document not produced (*e.g.,*

letter, memorandum) and such other information as is necessary and sufficient to permit plaintiff

to move to compel production of the document, including, but not limited to:

      a.      The date on which the document was transmitted, distributed or
otherwise provided to each recipient;

      b.      The full name and address of the document's author and
addressee(s);

      c.      The full names, addresses and titles of all recipients of the
document, including recipients of copies; and

      d.      The title of the document.

      5.      In providing documents in response to this Request for Documents,

furnish all such information that is available to you, not merely such information as is within

your knowledge. This means you are to furnish information which is known by or in the

possession or control of your representatives or agents along with all others subject to your

direction or control, whether obtained through first-hand knowledge or inquiry.

DC\624615\1

6.    This Request for Documents requires the production of all documents that are responsive in whole or in part to any request set forth herein.

7.    Every reference to a person, entity, partnership or company encompasses the officers, directors, agents, servants, employees, attorneys, investment bankers, financial advisors, or representatives of the person, entity, partnership or company.

8.    All documents must be produced in a form readable by the requesting party. To the extent you produce documents that are responsive to the subpoena, but that are maintained by you in a form that would not be readable or intelligible without software, hardware, decoding information or equipment, keys or digests listing the meaning of abbreviations or symbols, or other resources not available to the requesting party, you are required to prepare and supply the information in another form readable by the requesting party (*e.g.*, by printing out computerized date onto a paper record), or to produce with the documents all additional materials or resources to make them intelligible (*e.g.*, by providing keys to abbreviations).

9.    This Request for Documents calls for the production of all nonidentical copies, inclusive of drafts, and of any copies upon which any notes, legends, stamps, notations or interlineations have been placed, or which have been altered, amended, added to, deleted from or otherwise changed in any way.

## DEFINITIONS

1.    "You" or "your." "You" or "your" means CC, and each of its officers, directors, partners, employees or agents, as well as any of its attorneys or accountants.

2.    "All and "any." The word "all" shall be construed as "any and all," and the word "any" shall be construed as "any and all."

3.    The singular form of a word shall be construed to include the plural and vice versa so as to include any documents that might otherwise be considered to be beyond the scope of a particular document request.

4.    The past tense includes the present tense when the meaning is not distorted by a change in tense.

5.    "Documents." The word "documents" is used in the broadest possible sense and shall include, by way of illustration only and not by way of limitation, any and all writings (whether handwritten, typed, printed, or otherwise made), drawings, graphs, charts, photographs (negatives or prints), phono-records, electronic or mechanical matter (including microfilm of any kind or nature, tape recordings, computer data, hard drive or disc) and any other data compilations from which information can be obtained and translated, and shall include, without limiting the generality of the foregoing, originals, drafts and non-identical copies of all papers, correspondence, telegrams, teletypes, electronically-transmitted facsimile documents, agreements, contracts, purchase orders, records, licenses, statements, studies, reports, tables, charts, graphs, drawings, indices, surveys, quotations, memoranda, inter- and intra-office communications, electronic mail (e-mail), websites, reports, recordings, minutes, journal entries, notes and notations, calendars and date books, diaries, logs, expense reports, bills, invoices, manuals, summaries, opinions, analyses, evaluations, agendas, schedules, books, catalogs, accounts, ledgers, transcripts, pamphlets, brochures, videotapes, budgets, financial statements, forecasts, projections, loans, promissory notes, cancelled checks, pro formas, forms 10-K, forms 10-Q, SEC filings, loan applications, tax returns, information stored in computers or other data storage or processing equipment and all other writings or papers of any kind. As used, "documents" refers to the original, all drafts, and non-identical copies.

6.    "Person." The word "person" means any natural person, legal person, cooperation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission or other such entity.

7.    "And" and "or." The words "and" and "or" shall be construed either conjunctively or disjunctively so as to include any information that might otherwise be considered to be beyond the scope of a particular request.

8.    "Relating," "referring," "reflecting," "relate," "refer," and "reflect." The terms "relating," "referring," "reflecting," "relate," "refer," and "reflect" mean documents or information that support, constitute, form the basis of, memorialize or evidence the information otherwise described or requested. These terms shall be construed in the broadest sense and include, but are not limited to, concerning, describing, defining, discussing, evidencing, embodying, illustrating, mentioning, regarding, containing, having any relationship to, evidencing or constituting evidence of, whether directly or indirectly, or in whole or in part, or pertaining to in any way.

9.    "Concerning." The word "concerning" shall mean concerning, constituting, containing, commenting on, dealing with, describing, discussing, embodying, evidencing, illustrating, pertaining to, referring to, reflecting, relating to, responding to, stating or supporting in any way, directly or indirectly.

10.    "Complaint." "Complaint" means the Complaint filed in this action.

11.    "Communication." The term "communication" means the transfer of information, ideas, opinions or thoughts by any means, whether oral, written, electronic or other, from or to any person.

12.    "Request for Proposal 06-742-06-07." "Request for Proposal 06-742-06-07" is the Request for Proposals for Financial Operations Recovery Services prepared by the Housing Authority of New Orleans (hereinafter "HANO").

DC\624615\1

13.  "Contract No. 06-742-06-07" or the **HANO Contract**." "Contract No. 06-742-06-07" or the "**HANO Contract**" is the contract between HANO and CC for Financial Operations Recovery Services dated on or about September 15th 2006.

## INDIVIDUALLY NUMBERED REQUESTS

1.  All documents referred to, reviewed, considered, or relied upon or that You plan on referring to, reviewing, considering, or relying upon in answering the Complaint in this law suit.

2.  All documents referred to, reviewed, considered, or relied upon or that You plan on referring to, reviewing, considering, or relying upon in answering FCC's First Set of Interrogatories to CC.

3.  All documents that discuss, describe, refer to, or evidence the current partners, owners, or shareholders of CC, and the amount of each partner, owner, or shareholder's share (in dollars and as a percentage of the company).

4.  All documents that discuss, describe, refer to, or evidence any communication that CC or anyone on its behalf had to, from, or with National Technologies Inc. ("NTI"), or anyone on its behalf, regarding or relating to FFC.

5.  All documents that discuss, describe, refer to, or evidence any communication that CC or anyone on its behalf had to, from, or with HANO, or anyone on its behalf, regarding or relating to FFC.

6.     All documents that discuss, describe, refer to, or evidence any communication that CC or anyone on its behalf had to, from, or with HANO, or anyone on its behalf, regarding or relating to Request for Proposal No. 06-742-06-07.

7.     All documents, including but not limited to drafts, that discuss, describe, reflect, construe, refer to, relate to, or evidence CC's bid on Request for Proposal 06-742-06-07.

8.     All documents, including but not limited to drafts, that discuss, describe, reflect, construe, refer to, or evidence negotiation of, amendments to, or the terms of Contract No. 06-742-06-07.

9.     All documents that discuss, describe, refer to, or evidence any discussion, meeting, communication, or negotiation that preceded and/or gave rise to execution of the **HANO Contract.**

10.    All documents, including but not limited to drafts, that discuss, describe, reflect, construe, refer to, or evidence negotiation of, amendments to, or the terms of the agreement between FFC and CC, by which FFC agreed to provide subcontracting services in support of the HANO Contract. (hereinafter the **"FFC Contract"**).

11.    All documents that discuss, describe, refer to, or evidence any discussion, meeting, communication, or negotiation that preceded and/or gave rise to execution of the **FFC Contract.**

12.    All documents that discuss, describe, refer to, or evidence any communication that CC or anyone on its behalf had to, from, or with FFC or anyone on its behalf including, but

DC\624615\1

not limited to, communications through counsel, relating to the **HANO Contract** and/or the **FFC Contract** or any portion of either document.

13.    All documents that discuss, describe, refer to, resulted in or evidence CC's decision to terminate FFC's services.

14.    All documents that discuss, describe, refer to, or evidence any communication or meeting CC, or anyone on its behalf, had to, from, or with any person, corporation, entity, or organization relating to the decision to terminate FFC's services.

15.    All documents that discuss, describe, refer to, resulted in or evidence CC's decision to pay, delay payment to, not pay, and/or not timely pay FFC for services rendered anytime between June 2006 and December 2007.

16.    All documents that discuss, describe, refer to, or evidence any communication or meeting CC, or anyone on its behalf, had to, from, or with any individual or organization relating to any decision to pay, delay payment to, not pay, and/or not timely pay FFC for services rendered anytime between June 2006 and December 2007.

17.    All documents that discuss, describe, refer to, or evidence any and every actual or alleged false statement made by CC, or any of its employees, agents, officers, directors, or anyone on its behalf, to FFC, or any of its employees, agents, officers, directors, or anyone on its behalf.

18.    All documents that discuss, describe, refer to, or evidence any agreement, whether for indemnification, contribution, or otherwise by, between, and among CC, and/or any other party with respect to this litigation, any of the claims asserted in the litigation, and any possible

adverse judgment in the litigation and/or the payment of attorney's fees, expenses, and costs incurred or to be incurred with respect to or arising from or relating to the litigation.

19.    All documents that discuss, describe, refer to, or evidence any communication that CC or anyone on its behalf had to, from, or with any individual currently or previously employed by FFC relating to their employment with FFC and/or CC and any money owed to said person by FFC and/or CC as salary, bonus, for expenses, or otherwise.

20.    All documents that discuss, describe, refer to, or evidence any communication that CC or anyone on its behalf had to, from, or with any individual currently or previously employed by FFC relating to this lawsuit including, but not limited to, communications through counsel.

21.    All documents that discuss, describe, refer to, or evidence any employment agreement or contract between CC and any individual currently or previously employed by FFC.

22.    All insurance policies that contain any coverage or potential coverage with respect to the claims or any of the claims made in this litigation.

23.    All documents that discuss, describe, refer to, or evidence any coverage determination or reservation of rights made by or on behalf of any insurance carrier with respect to this litigation, the claims made herein, and/or payment of any of the attorney's fees, expenses, or costs to be incurred with respect to this litigation.

24.    All documents that discuss, describe, refer to, or evidence any claim of setoff to which CC alleges it is or may be entitled from FFC, or any of its employees, agents, officers, directors, or anyone who acted on its behalf.

DC\624615\1

25.    All documents that discuss, describe, refer to, or evidence any wrongful conduct that CC contends that FFC or any of its employees, agents, officers, directors, or anyone acting on its behalf engaged in while rendering services to CC.

26.    All documents submitted by CC, or anyone on its behalf, to HANO or anyone on its behalf, purporting to reflect compliance with the **HANO Contract**, including, but not limited to, Contracting Compliance Reports, Section 3 Manhour Reports, and Payment Applications.

27.    All documents sufficient to show the costs CC was able to save as a result of terminating the services of FFC.

28.    To the extent, if any, not otherwise produced in response to the preceding Requests, all documents that discuss, describe, refer to, or evidence any communication that CC or anyone on its behalf had to, from, or with HANO, or anyone on its behalf, regarding or relating to the services of FFC, or any of its officers, directors, owners, partners or employees.

29.    To the extent, if any, not otherwise produced in response to the preceding Requests, all documents that discuss, describe, refer to, or evidence any communication that CC or anyone on its behalf had to, from, or with HANO, or anyone on its behalf, regarding or relating to this lawsuit.

30.    To the extent, if any, not otherwise produced in response to the preceding Requests, all documents that discuss, describe, refer to, or evidence any communication with any insurance carrier or any insurance broker or agent with respect to this litigation, any of the claims made in this litigation, any attorney's fees, expenses, or costs to be incurred with respect to this litigation and/or any potential or possible adverse judgment in this litigation.

31.     To the extent, if any, not otherwise produced in response to the preceding Requests, all documents that support and/or corroborate any claims, contentions, positions, and/or defenses asserted or to be asserted by CC with respect to this litigation.

32.     To the extent, if any, not otherwise produced in response to the preceding Requests, all documents that discuss, describe, refer to, or evidence any communication or meeting CC, or anyone on its behalf, has had to, from, or with any individual, corporation, entity, or organization relating to FFC.

Respectfully submitted,

By: _____

Michael J. McManus (D.C. Bar No. 263832)
Joaquin A. Marquez (D.C. Bar No. 158691)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone:      202-842-8800
Fax:            202-842-8465
Email:          Michael.McManus@dbr.com
                Joaquin.Marquez@dbr.com

*Attorneys for Fuentes-Fernandez & Company, PSC and Joseph Fuentes*

Dated:  December 28, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff Fuentes-Fernandez & Company, PSC's First Set Of Requests For Documents To Defendant Caballero & Castellanos, PL. was served by express delivery, postage prepaid, on this 28th day of December, 2007, on the following:

Gerald Antonio Rovelo
915 Brockenbraugh Court
Metairie, LA 70005-1603

*Counsel for Defendant Caballero & Castellanos, PL., Orlando Rodriguez, Jonathan Cruz, and Juana Rivera.*

_____
Mark H. M. Sosnowsky

DC\624615\1

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Fuentes-Fernandez & Company, PSC, et. al.

Plaintiffs,

v.

Caballero & Castellanos, PL, et al.

Defendants.

Civil Action No. :
1:07-cv-00846 (RJL)

## PLAINTIFF FUENTES-FERNANDEZ & COMPANY, PSC'S
## SECOND SET OF REQUESTS FOR DOCUMENTS TO
## DEFENDANT CABALLERO & CASTELLANOS, PL

Plaintiff, Fuentes-Fernandez & Company, PSC; ("FFC"), by counsel, pursuant to Federal

Rule of Civil Procedure 34, requests that Defendant Caballero & Castellanos, PL (hereinafter

"C&C" or "You"), produce and permit the inspection and copying of the following described

documents in its possession, custody, or control (including non-privileged documents in the

possession, custody or control of counsel) at 9:00 a.m. on May 30, 2008, at the offices of Drinker

Biddle & Reath LLP, 1500 K Street, N.W., Washington, D.C. 20005.

## GENERAL INSTRUCTIONS

1.     In responding to this Request for Documents, you must provide all

documents that are in your possession, custody, or control. You must make a diligent search of

your records, papers, and material in your possession, custody, or control or otherwise available

to you and furnish all available documents. If you maintain that any particular document is not

accessible to you, in your possession, under your control, or currently in existence, state what

disposition was made of it; when and where such disposition took place; the identity of the

DC\637386\1

person or persons who ordered, authorized, or performed such disposition; the type of document; the identity of the person with knowledge of its contents; the location of any copies, and describe in detail the contents of the documents.

2.     Documents are to be produced separately in response to each request as they are kept in the usual course of business or should be organized and labeled to correspond to the Request to which they are responsive.

3.     If, in responding to this subpoena, you encounter any ambiguity in construing either the request or a definition or instruction pertaining to the request, set forth the matter deemed ambiguous and the construction that you used in responding.

4.     If you decline to produce any document or portion thereof by claiming that the document contains information that is privileged, describe in detail the nature of, and all grounds for, the privilege or protection claimed, the nature of the document not produced (*e.g.*, letter, memorandum) and such other information as is necessary and sufficient to permit plaintiff to move to compel production of the document, including, but not limited to:

      a.    The date on which the document was transmitted, distributed or otherwise provided to each recipient;

      b.    The full name and address of the document's author and addressee(s);

      c.    The full names, addresses and titles of all recipients of the document, including recipients of copies; and

      d.    The title of the document.

5.     In providing documents in response to this Request for Documents, furnish all such information that is available to you, not merely such information as is within your knowledge. This means you are to furnish information which is known by or in the possession or control of your representatives or agents along with all others subject to your direction or control, whether obtained through first-hand knowledge or inquiry.

6.    This Request for Documents requires the production of all documents that are responsive in whole or in part to any request set forth herein.

7.    Every reference to a person, entity, partnership or company encompasses the officers, directors, agents, servants, employees, attorneys, investment bankers, financial advisors, or representatives of the person, entity, partnership or company.

8.    All documents must be produced in a form readable by the requesting party. To the extent you produce documents that are responsive to the subpoena, but that are maintained by you in a form that would not be readable or intelligible without software, hardware, decoding information or equipment, keys or digests listing the meaning of abbreviations or symbols, or other resources not available to the requesting party, you are required to prepare and supply the information in another form readable by the requesting party (*e.g.*, by printing out computerized date onto a paper record), or to produce with the documents all additional materials or resources to make them intelligible (*e.g.*, by providing keys to abbreviations).

9.    This Request for Documents calls for the production of all nonidentical copies, inclusive of drafts, and of any copies upon which any notes, legends, stamps, notations or interlineations have been placed, or which have been altered, amended, added to, deleted from or otherwise changed in any way.

## DEFINITIONS

1.    "You" or "your." "You" or "your" means C&C, and each of its officers, directors, partners, employees or agents, as well as any of its attorneys or accountants.

2.    "All and "any." The word "all" shall be construed as "any and all," and the word "any" shall be construed as "any and all."

3.    The singular form of a word shall be construed to include the plural and vice versa so as to include any documents that might otherwise be considered to be beyond the scope of a particular document request.

4.    The past tense includes the present tense when the meaning is not distorted by a change in tense.

5.    "Documents." The word "documents" is used in the broadest possible sense and shall include, by way of illustration only and not by way of limitation, any and all writings (whether handwritten, typed, printed, or otherwise made), drawings, graphs, charts, photographs (negatives or prints), phono-records, electronic or mechanical matter (including microfilm of any kind or nature, tape recordings, computer data, hard drive or disc) and any other data compilations from which information can be obtained and translated, and shall include, without limiting the generality of the foregoing, originals, drafts and non-identical copies of all papers, correspondence, telegrams, teletypes, electronically-transmitted facsimile documents, agreements, contracts, purchase orders, records, licenses, statements, studies, reports, tables, charts, graphs, drawings, indices, surveys, quotations, memoranda, inter- and intra-office communications, electronic mail (e-mail), websites, reports, recordings, minutes, journal entries, notes and notations, calendars and date books, diaries, logs, expense reports, bills, invoices, manuals, summaries, opinions, analyses, evaluations, agendas, schedules, books, catalogs, accounts, ledgers, transcripts, pamphlets, brochures, videotapes, budgets, financial statements, forecasts, projections, loans, promissory notes, cancelled checks, pro formas, forms 10-K, forms 10-Q, SEC filings, loan applications, tax returns, information stored in computers or other data storage or processing equipment and all other writings or papers of any kind.  As used, "documents" refers to the original, all drafts, and non-identical copies.

6.    "Person." The word "person" means any natural person, legal person, cooperation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission or other such entity.

7.    "And" and "or."  The words "and" and "or" shall be construed either conjunctively or disjunctively so as to include any information that might otherwise be considered to be beyond the scope of a particular request.

8.    "Relating," "referring," "reflecting," "relate," "refer," and "reflect."  The terms "relating," "referring," "reflecting," "relate," "refer," and "reflect" mean documents or information that support, constitute, form the basis of, memorialize or evidence the information otherwise described or requested.  These terms shall be construed in the broadest sense and include, but are not limited to, concerning, describing, defining, discussing, evidencing, embodying, illustrating, mentioning, regarding, containing, having any relationship to, evidencing or constituting evidence of, whether directly or indirectly, or in whole or in part, or pertaining to in any way.

9.    "Concerning."  The word "concerning" shall mean concerning, constituting, containing, commenting on, dealing with, describing, discussing, embodying, evidencing, illustrating, pertaining to, referring to, reflecting, relating to, responding to, stating or supporting in any way, directly or indirectly.

10.    "Complaint."  "Complaint" means the Complaint filed in this action.

11.    "Communication."  The term "communication" means the transfer of information, ideas, opinions or thoughts by any means, whether oral, written, electronic or other, from or to any person.

12.    "Request for Proposal 06-742-06-07."  "Request for Proposal 06-742-06-07" is the Request for Proposals for Financial Operations Recovery Services prepared by the Housing Authority of New Orleans (hereinafter "HANO").

13.    "Contract No. 06-742-06-07" or the **"HANO Contract**." "Contract No. 06-742-06-07" or the **"HANO Contract"** is the contract between HANO and C&C for Financial Operations Recovery Services dated on or about September 15th 2006.

## INDIVIDUALLY NUMBERED REQUESTS

33.    All documents that discuss, describe, refer to, or evidence the employment or contracting for services of Juan Rivera, Orlando Rodriguez, and/or Jonathan Cruz, including, but not limited to, employment contracts, subcontractor agreements, and pay stubs.

34.    All documents that discuss, describe, refer to, or evidence any payments made to Juan Rivera, Orlando Rodriguez, and/or Jonathan Cruz.

35.    The general ledger or similar documents sufficient to demonstrate all payments made to Caballero & Castellanos, PL from any person for the period of June 2006 through May 2007.

36.    The general ledger or similar documents sufficient to demonstrate all payments made from Caballero & Castellanos, PL to any person for the period of June 2006 through May 2007.

Respectfully submitted,

By: _____

Michael J. McManus (D.C. Bar No. 263832)
Joaquin A. Marquez (D.C. Bar No. 158691)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone:     202-842-8800
Fax:           202-842-8465
Email:         Michael.McManus@dbr.com
               Joaquin.Marquez@dbr.com

*Attorneys for Fuentes-Fernandez & Company, PSC
and Joseph Fuentes*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff Fuentes-Fernandez & Company, PSC's Second Set Of Requests For Documents To Defendant Caballero & Castellanos, PL. was served by express delivery, postage prepaid, on this 30th day of April, 2008, on the following:

Ronald S. Canter
The Law Offices of Ronald S. Canter
11300 Rockville Pike
Rockville, MD  20852
301-943-6111

Gerald Antonio Rovelo
915 Brockenbraugh Court
Metairie, LA  70005-1603
504-754-2379

*Counsel for Defendant Caballero & Castellanos, PL., and Elias Castellanos*

_____
Mark H. M. Sosnowsky

# EXHIBIT D

**REDACTED**

-----Original Message-----
From: Sosnowsky, Mark
Sent: Tuesday, May 20, 2008 10:49 AM
To: 'dabrams@abramslaw.cc'
Cc: McManus, Michael J.
Subject: FFC: Outstanding Discovery

David,

To follow-up on our conversation regarding outstanding discovery, I believe we still have the following outstanding :

(1)     Documents that evidence the employment of Juan Rivera, Orlando Rodriguez, and/or Jonathan Cruz.  I believe you said that you have tax forms or other documents that describe their dates of hire/dates of transfer. We would appreciate receiving those documents.

(2)     Documents that discuss, describe, refer to, or evidence any payments made to Juan Rivera, Orlando Rodriguez, and/or Jonathan Cruz.  These would be pay stubs, cancelled paychecks, etc.

(3)     The general ledger reflecting payments made to or made from Caballero & Castellanos, PL during the period of June 2006 through May 2007.  You expressed concern that that would reveal confidential information that is irrelevant to this case (i.e. information from other C&C clients).  We are willing to limit our request to all documents showing any payments relating to the contracts for services to HANO.  This would include payments from NTI, the U.S. government, HUD, HANO, or any other source to C&C or any individual associated with C&C as well as all payments from C&C to all subcontractors, suppliers, etc.  Having thus limited the scope, we would appreciate receiving all documents from June 2006 through April 2008.  Please let me know if you are amenable to this.

If you have any questions or concerns, please let me know.  Otherwise, please let me know when we will receive these documents.

Regards,
Mark

# EXHIBIT E

# DrinkerBiddle&Reath
### L L P

Mark H.M. Sosnowsky
Associate
202-354-1327 Direct
202-842-8465 Fax
mark.sosnowsky@dbr.com

*Law Offices*

1500 K Street, N.W.
Suite 1100
Washington, DC
20005-1209

202-842-8800
202-842-8465 fax
www.drinkerbiddle.com

PHILADELPHIA
NEW YORK
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

June 18, 2008

### *By Email and First Class Mail*

David S. Abrams, Esq.
Abrams & Abrams, P.A.
9400 South Dadeland Boulevard
Penthouse III
Miami, FL  33156

Re:    **Outstanding Discovery**

Dear Mr. Abrams:

I received the documents that you sent out on June 11 and I have had the opportunity to review them.  Unfortunately, they fail to fully respond to the requests that we have issued.

To date, we have still not received any documents evidencing the employment of Juan Rivera, Orlando Rodriguez, and/or Jonathan Cruz, nor have we received all documents that discuss, describe, refer to, or evidence any payments made to these individuals.

The documents you sent also fall short of identifying all payments made from Caballero & Castellanos, PL to *any* person involved in the HANO contract during the applicable time for the period of June 2006 through April 2008.  At your request, we agreed to limit our request to the HANO project, but specifically asked for payments made from C&C to all subcontractors, suppliers, etc.  Only payments made to FFC have been included.

Other documents that presumably represent all payments made to Caballero & Castellanos, PL including those from NTI, the U.S. government, HUD, HANO, or any other source, appear to be incomplete and redacted without any explanation.  Absent a protective order, redactions are only appropriate to protect privileged material and I cannot understand how any of these documents could contain such materials.  Also, the documents appear incomplete (i.e. one document says "page 2 of 5" and the other pages are not present).

Finally, C&C has refused to respond to the interrogatories propounded in December of 2007.

*Established*
*1849*

DC01/ 2097565.1

DrinkerBiddle&Reath
David S. Abrams
June 18, 2008
Page 2


As you know, we have attempted to take a cooperative approach to discovery and have endeavored to limit undue costs and burdens on you and your client. Nevertheless, we expected to receive complete, responsive documents submitted in accordance with the federal rules. Please provide all of the requested documents to us no later than Monday, June 23, 2008, or we will be forced to file a motion to compel and to seek costs for our time.


                                        Sincerely yours,



                                        Mark H. M. Sosnowsky


MHS

cc:     Ronald Canter, Esq.
        Michael McManus, Esq.


DC01/ 2097565.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Fuentes-Fernandez & Company, PSC, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Civil Action No: |
| | )    1:07-cv-00846 (RJL) |
| Caballero & Castellanos, PL, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Upon consideration of Plaintiff Fuentes-Fernandez & Company, PSC's Renewed Motion

to Compel and the accompanying Memorandum in Support thereof and any opposition thereto, it

is by the Court hereby **ORDERED** that the Motion is **GRANTED.** Defendant Caballeros &

Castellanos, PL (hereinafter "C&C") is directed to respond to all of FFC's pending discovery

requests no later than June 30, 2008, all objections to said discovery are waived, and the

discovery period is extended until five (5) days after FFC receives Defendant's responses. It is

further **ORDERED** that Plaintiff submit to Defendant a statement of its reasonable attorney's

fees and costs incurred in making this Motion within ten (10) days of the date of this Order.

Entered this _____ day of June, 2008

_____

Judge Richard J. Leon
United States District Court for the District of Columbia