UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUENTES-FERNANDEZ & COMPANY, PSC, and<br><br>JOSEPH FUENTES,<br><br>  Plaintiffs and<br>  Third-Party Plaintiffs,<br><br>  v.<br><br>CABALLERO & CASTELLANOS, PL,<br>  Defendants, Cross-<br>  Plaintiffs, and Third-Party<br>  Plaintiffs,<br><br>  v.<br><br>HOUSING AUTHORITY OF NEW ORLEANS and<br><br>DAVID GILMORE, TRUSTEE,<br><br>  Cross- and Third-Party<br>  Defendants. | Civil Case No. 07-0846 (RJL) |

## MEMORANDUM OPINION
(March _16_, 2011) [#70]

Plaintiffs/third-party plaintiffs Fuentes-Fernandez & Company, PSC ("FFC") and Joseph Fuentes ("Fuentes"), together with defendant/cross-plaintiff/third-party plaintiff Caballero & Castellanos, PL ("C&C") (collectively, "plaintiffs"), bring this action against cross- and third-party defendants Housing Authority of New Orleans ("HANO") and David Gilmore ("Gilmore") (collectively, "defendants"), seeking damages for breach

1

of contract, unjust enrichment, and negligent administration of a contract. Before this Court is defendants' Motion To Dismiss. Upon consideration of the parties' pleadings, relevant law, and the entire record herein, defendants' motion is GRANTED.

## BACKGROUND

The Housing Authority of New Orleans ("HANO"), a state-created agency, is the largest housing authority in Louisiana.[1] Cross-Compl. & Third-Party Compl. ¶ 3 ("Third-Party Compl.") [Dkt. #68]. Although it provides housing services exclusively for New Orleans residents, HANO is (and has been) in administrative receivership and, as a result, is managed by the U.S. Department of Housing and Urban Development ("HUD"). *Id.* HANO's current receiver is third-party defendant Gilmore.[2] *Id.*

HANO awards procurement and service contracts to vendors and specifically encourages certified Disadvantaged Business Enterprises and Woman Business Enterprises to compete for its contracts. *Id.* ¶ 4. According to the Third-Party Complaint, HANO awarded an $8,526,524 contract to third-party plaintiff C&C in 2006. *Id.* ¶¶ 5, 6, 8. Under the contract, C&C was tasked with providing Financial Operations Recovery Services to HANO. C&C, in turn, awarded a $1,500,000 sub-contract to plaintiff FFC,[3] a minority-certified accounting and consulting company. *Id.* ¶¶ 5, 7.

---

[1] Housing Authority of New Orleans, http://www.hano.org (last visited Mar. 11, 2011).

[2] Plaintiffs allege that as receiver, Mr. Gilmore is "the party responsible for executing [orders] to pay for . . . completed work." Third-Party Compl. ¶ 10.

[3] FFC is a Puerto Rican company authorized to conduct business in the District of Columbia. Compl., May 8, 2007, ¶ 1 [Dkt. # 1].

2

Plaintiffs FFC and Fuentes[4] were the intended minority participants under the sub-contract. *Id.* ¶ 5.

According to plaintiffs, HANO paid C&C $7,182,237.63 for completed work but failed to pay more than $350,000 under the contract. *Id.* ¶ 6. At the same time, plaintiffs also acknowledge that Elias Castellanos, a principal of C&C who HANO installed as its Chief Financial Officer, pleaded guilty to violating 18 U.S.C. § 666(a)(1)(A) (theft concerning a program receiving federal funds), and that HANO has refused to pay the balance because of Mr. Castellanos' conduct and the restitution he owes pursuant to his plea agreement.[5] *Id.* ¶¶ 6, 9. Plaintiffs nevertheless allege that defendants breached the contract between HANO and C&C, and between FFC and Fuentes as third-party beneficiaries, *id.* ¶ 13; that HANO was unjustly enriched, *id.* ¶ 15; and that HANO negligently administered the contract by placing Mr. Castellanos as Chief Financial Officer, *id.* ¶ 17. Plaintiffs filed the instant action on April 2, 2010, seeking $500,000 in damages plus attorneys fees and costs. *Id.* at 5. Defendants move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

## ANALYSIS

Under Rule 12(b)(2), a plaintiff bears the burden of "alleg[ing] specific facts on which personal jurisdiction can be based; it cannot rely on conclusory allegations."

---

[4] Mr. Fuentes is a certified public accountant. Compl., May 8, 2007, ¶ 2.

[5] According to defendants, Mr. Castellanos embezzled more than $900,000 by, among other things, submitting fraudulent time sheets to HANO. Mem. in Supp. of Mot. by Third Party Defs. to Dismiss Third-Party Compl. ("Mem. in Supp. of Defs.' Mot. to Dismiss") at 2 [Dkt. # 71].

*Moore v. Motz*, 437 F. Supp. 2d 88, 90-91 (D.D.C. 2006). Unlike a motion to dismiss under Rule 12(b)(6), the Court is not required to treat as true all of plaintiffs' allegations when determining whether personal jurisdiction exists. *United States v. Phillip Morris, Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000) (internal citation omitted).

Defendants also move to dismiss under Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss shall be granted if a plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court must typically "assume the truth of the facts alleged in the complaint, and may grant the motion only if it appears beyond doubt that the complainant will be unable to prove any set of facts that would justify relief."[6] *Moore*, 437 F. Supp. 2d at 90 (internal citation omitted). But "the Court need not accept factual inferences suggested by the plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept the complainant's legal conclusions." *Id.* (internal citation omitted). Unfortunately for plaintiffs, even taking as true all of the allegations in the complaint, each of the three counts must be dismissed. How so?

As an initial matter, plaintiffs' claims must be dismissed because plaintiffs cannot, and do not, establish personal jurisdiction. To establish personal jurisdiction, plaintiffs must (1) plead facts sufficient to show that jurisdiction is appropriate under the District of Columbia's long-arm statute and (2) satisfy the "minimum contacts" demands of

---

[6] Importantly, when evaluating a motion to dismiss, the Court may consider "the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record." *Arencibia v. 2401 Restaurant Corp.*, 699 F. Supp. 2d 318, 323 (D.D.C. 2010) (internal citation omitted).

4

constitutional due process. *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995) (internal citation omitted). Plaintiffs satisfy neither requirement here. With respect to the long-arm statute, plaintiffs do not allege that defendants HANO and Gilmore meet any of the criterion – *e.g.*, transacting business in, contracting services in, causing tortuous injury in, regularly soliciting business in, engaging in a persistent course of conduct in, or deriving substantial revenue from goods used or consumed in, Washington, D.C. – which would confer personal jurisdiction in the District. D.C. Code § 13-423(a) (2010). Nor do plaintiffs allege facts which would satisfy due process. That is, plaintiffs do not allege that defendants HANO and Gilmore had minimum contacts "grounded in some act by which the defendant[s] purposefully avail[ed] [themselves] of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws." *Agee v. Sebelius*, 668 F. Supp. 2d 1, 5 (D.D.C. 2009) (internal citations and quotations omitted). HANO is a state agency, and the HANO contract addressed work performed in Louisiana and governed by Louisiana law. Conspicuously absent is any allegation that HANO conducts business or any other activity in the District of Columbia.

Moreover, allegations that HUD (a federal agency) manages HANO (a state agency) in administrative receivership, Third-Party Compl. ¶ 3; that HANO "works through the office of Receivership Oversight" in Washington, D.C., Pls.' Opp'n to Mot. to Dismiss, Aug. 19, 2010, ¶ 6 [Dkt. #75]; and that HUD has authority to approve HANO contracts, *id.* ¶ 7, fall into the "government contacts" exception to the long-arm statute and do not establish personal jurisdiction. *Coal. on Sensible Transp., Inc. v. Dole*, 631 F. Supp. 1382, 1384 (D.D.C. 1986). Under that exception, certain contacts with the federal

5

government – such as meeting with federal officials in Washington, D.C., or receiving federal funding – are insufficient to establish personal jurisdiction. *Id.* at 1384-85; *see also Siam Kraft Paper Co., Ltd. v. Parsons & Whittemore, Inc.*, 400 F. Supp. 810, 812 (D.D.C. 1975) (government-contacts principle denies personal jurisdiction for a "non-resident[] whose only contact with this jurisdiction involves uniquely governmental activities"). Because HANO's interactions with HUD are "uniquely governmental activities," *Siam Kraft Paper Co., Ltd.*, 400 F. Supp. at 812, they are exempt from the D.C. long-arm statute and are insufficient, as a matter of law, to establish personal jurisdiction. Accordingly, plaintiffs' claims must be dismissed.

Even if this Court were to find personal jurisdiction, however, plaintiffs' claims of breach, unjust enrichment, and negligent administration would still fail under Fed. Rule Civ. P. 12(b)(6) because the plain language of the parties' contract – a contract that plaintiffs do not dispute and one which plaintiffs seek to enforce – bars recovery. Under the contract between plaintiff C&C and defendant HANO, all disputes "arising under or relating to th[e] contract" must be resolved under the "disputes clause." Contract for Servs. Between HANO and C&C, Sept. 15, 2006 ("Contract"), Defs.' Ex. 3-C, ¶ 3(a) [Dkt. #71-3 at 17]. Importantly, that clause requires specific action before filing suit: "[a]ll claims by the Contractor shall be made in writing and submitted to the [housing authority]." *Id.* ¶ 3(b).[7] But plaintiffs offer no evidence that they complied with the

---

[7] The Contract explains a full range of pre-litigation conditions precedent. For example, after the Contractor submits a claim in writing, the housing authority must render a decision within sixty days. A thirty-day internal-appeal process follows. Contract, Defs.' Ex. 3-C, ¶ 3(a)-(e).

clear and unambiguous requirements of the Contract's disputes clause.[8] Accordingly, their claims must fail. *See United States v. Joseph A. Holpuch, Co.*, 328 U.S. 234, 240 (1946) (holding that a contract's disputes clause "is controlling as to all disputes concerning questions arising under th[e] contract unless otherwise specified in the contract") (internal quotations omitted).

Finally, paragraph 16 of the Contract plainly releases and "save[s] harmless" HANO and its employees from "claims suits, actions and costs of every description resulting from the Contractor's activities on behalf of the [housing authority] in connection with this Agreement." Contract, Defs.' Ex. 3-C, ¶ 16 [Dkt. #71-3 at 20]; *see also* Supp. Contract Conditions, Defs.' Ex. 3-D at 1 [Dkt. #71-3 at 23]. Plaintiffs' claims of breach of contract, unjust enrichment, and negligent administration with respect to third-party plaintiff FFC directly relate to, and arise out of, C&C's contract performance with HANO. Because defendants are released from claims relating to C&C's contract performance, actions, or omissions, plaintiffs' claims are also barred by paragraph 16 of the Contract.[9]

---

[8] Plaintiff Fuentes' declaration that "on best information and belief[,] all invoices, [sic] and claims were delivered to HANO by CC in written form and HANO has failed to answer" does not satisfy the disputes clause. Decl. of Plaintiff Joseph Fuentes, President of FFC, Aug. 18, 2010, Pls.' Ex. 1 at ¶ 4 [Dkt. #75-1]. The contract at issue is between C&C (not FFC) and HANO, and C&C has offered no evidence that it submitted claims to HANO in writing.

[9] Defendants also argue that plaintiffs' recovery is barred by the equitable doctrine of *in pari delicto* – that is, where opposing parties are both to blame, neither can recover for breach of contract. Although plaintiffs admit that Elias Castellanos pleaded guilty to theft, Third-Party Compl. ¶ 6, and that "HANO may have suffered injury" from his criminal conduct, *id.* ¶ 15, this Court need not decide whether the *in pari delicto* doctrine

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS the cross- and third-party defendants' Motion to Dismiss Third Party Complaint [Dkt. #70] and DISMISSES the action without prejudice. An order consistent with this decision accompanies this Opinion.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge

---

bars plaintiffs' recovery based on the facts of this case. Plaintiffs' claims are dismissed for lack personal jurisdiction and because the plain language of the contract bars recovery; whether *in pari delicto* also bars recovery is immaterial to the outcome here.